HELEN P. GREEN *v.* STATE OF INDIANA.

[No. 371S88. Filed May 17, 1972. Rehearing denied July 11, 1972.]

*Frank E. Spencer,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Darrel K. Diamond,* Deputy Attorney General, for appellee.

ARTERBURN, C. J.—On March 9, 1970, appellant was charged by indictment with,

> ". . . the crime of theft in that she knowingly, unlawfully and feloniously obtained and exerted unauthorized control over property . . . to wit: Money . . . , then and there intending to deprive said JOHN IRVINE d/b/a JOHN IRVINE STUDIOS permanently of the use and benefit of said property, then and there being contrary to the form of the statute . . ."

The indictment was thus predicated upon IC 1971, 35-17-5-3 (1) (a), *Burns' Ind. Stat. Ann.* § 10-3030 (1) (a) (1971 Supp.), which provides that theft is committed when a person knowingly "obtains or exerts unauthorized control over property of the owner . . ."

The Indiana Offenses Against Property Act, IC 1971, 35-17-5-3, *Burns' Ind. Stat. Ann.* § 10-3030 (1971 Supp.), provides that:

> "A person commits theft when he (1) knowingly:
> (a) obtains or exerts unauthorized control over property of the owner; or
> (b) obtains by deception control over property of the owner or a signature to any written instrument; or
> (c) alters, replaces, transfers or substitutes without authorization of the owner any label, price tag or price marking upon any property or merchandise displayed or offered for sale by any mercantile establishment . . .
> or
> (d) transfers without authorization of the owner any property or merchandise displayed or offered for sale by any mercantile establishment, . . . from the package, bag or

container in or on which such product or merchandise is displayed, to any other package, bag, or container; or
. . . .

(f) obtains control over stolen property knowing the property to have been stolen by another, which knowledge may be inferred from the possession of such stolen property, wherever the theft may have occurred; or

(g) brings into this state property over which he has obtained control by theft, wherever the theft may have occurred; . . ."

Appellant was tried by the court on November 13, 1970, convicted and sentenced on November 20, 1970, ". . . to the Indiana Women's Prison for not less than One (1) nor more than Ten (10) years and fined $100.00 and Costs."

Taking the evidence most favorable to the State of Indiana, it appears that the defendant, in her capacity as bookkeeper, obtained the signature of her employer to a payroll check made to her order and then raised the amount of the check to a sum greater than its original amount.

The principal contention raised is that the evidence indicated that appellant was guilty only of theft by deception and hence, the evidence was insufficient or showed a variance since the defendant was found guilty of the offense of exerting "unauthorized control over property . . . to wit: Money . . ." while the evidence related to the alteration of a check to gain possession of the money.

The first part of the statute in question does not limit the means or method by which unauthorized control may be obtained. We can conceive of many situations in which some element of deception may be involved, such as picking pockets or distracting attention at the time control is gained. In our opinion, the prosecuting attorney has the option of determining whether or not he desires to make the charge specific under some specified section of the statute, or to make the charge general in nature when the evidence is not certain as to the methods used to gain control. The broadness of Paragraph

(a) is no greater than the statute which originally defined larceny, or its definition under the common law.

We do not have here a narrow charge in which the verdict was too broad as in the case of *Lawrence* v. *State* (1968), 250 Ind. 161, 235 N. E. 2d 198. In that case the appellant was charged narrowly with obtaining property by deception. The verdict which the jury brought in found the appellant guilty of unlawfully obtaining unauthorized control of property of the owner.

Likewise, *Coates* v. *State* (1968), 249 Ind. 357, 229 N. E. 2d 640, may be distinguished. In that case the charge was theft by obtaining control of property stolen by another while the evidence showed a variance, namely that the appellant stole the property himself.

In the case before us, the section defining theft as when one "knowingly obtains or exerts unauthorized control over property of another" comprehends a very broad field of theft, including any other narrowly defined actively specifically defined in the statute, such as obtaining "by deception control over property of the owner or a signature to any written instrument."

Contrary to the statement that we are without legislative guidance in *Coates* v. *State* (1968), 249 Ind. 357, 359, 229 N. E. 2d 640, 641, we believe that the legislative intent and the guide to interpretation is set out in the statute. The fact that there are other included offenses which are more narrowly defined does not prohibit the state from prosecuting under a broader provision of the statute, such as the one in this case which covers any "unauthorized control of the property of the owner."

The stated purposes of the Offenses Against Property Act, IC 1971, 35-17-5-2, *Burns' Ind. Stat. Ann.* § 10-3029, (1971 Supp.), are expressed by the legislature:

"The general purpose of this act . . . is to unify several traditionally distinct offenses against person and property

in order to eliminate pointless procedural obstacles to the conviction of thieves and swindlers.

Specifically, it is the purpose of this act to consolidate all of the theft group of crimes except robbery, and traditional terminology has been abandoned in order that that purpose may be achieved. Consequently, whenever the terms 'larceny,' 'obtaining by false pretenses,' 'embezzlement,' 'receiving or concealing property knowing it to have been stolen,' 'blackmail,' or similar terms are used in any existing procedural or substantive statute or rule, they shall be construed to mean theft as described herein."

This language compels us to interpret the act accordingly. In view of the legislative intent, we find in this case that the evidence that the appellant used a "raised check" to obtain money is within the purview and scope of the statute which makes it a crime to obtain "unauthorized control [of the property of an owner] . . . to wit: [M]oney . . ." as stated in the charge. The charge was not brought under the more narrowly stated acts specified therein.

Appellant was found guilty of such an offense and we find there is no variance or insufficiency of evidence of the crime as charged. *Madison* v. *State* (1955), 234 Ind. 517, 541, 130 N. E. 2d 35, 46.

The judgment of the trial court is affirmed.

DeBruler, Givan, Hunter, Prentice, JJ., concur.

NOTE.—Reported in 282 N. E. 2d 548.