317 N.E.2d 430 (1974)
Marina MARTIN and Kenneth Thornton, Appellants,
v.
STATE of Indiana, Appellee.
Nos. 273S23, 273S24.
Supreme Court of Indiana.
October 18, 1974.
*431 Palmer K, Ward, David F. McNamar, Indianapolis, for appellants.
Theodore L. Sendak, Atty. Gen., Indianapolis, for appellee.

ON PETITION FOR REHEARING
DeBRULER, Justice.
Appellant Marina Martin has correctly pointed out in her petition for rehearing that an issue raised in the record and her briefs was not considered and resolved in the Court's original opinion. We now proceed to consideration of that issue. Appellant contends that she was denied the equal protection of the law, guaranteed by the Fourteenth Amendment to the United States Constitution in that she was required to exercise her ten peremptory challenges jointly with her co-defendant Kenneth Thornton. The statute which relegates appellant to this circumstance provides:
"In prosecutions for capital offenses, the defendant may challenge, peremptorily, twenty [20] jurors; in prosecutions for offenses punishable by imprisonment in the state prison, ten [10] jurors; in other prosecutions, three [3] jurors. When several defendants are tried together, they must join in their challenges." I.C. 1971, XX-X-XX-X, being Burns § 9-1502.
Appellant accurately characterizes this statute as defining two classes of defendants, one class consists of those defendants who are tried alone, and the other class is comprised of those defendants who are tried jointly. Lone defendants are then granted ten peremptory challenges while co-defendants as a group are granted a total of ten peremptory challenges which they must collectively exercise. Despite the dissimilarity of treatment, we do not find this statute repugnant to the equal protection clause.
As a general principle a statute should grant equal treatment to those upon whom it acts. But if a statute should create and define several classes and dissimilarly assign burdens or benefits of the same type between the classes, the statute is not necessarily repugnant to the equal protection clause. If there is a reasonable basis for treating the classes dissimilarly then the statute may pass muster. Lindsley v. Natural Carbonic Gas Co. (1911), 220 U.S. 61, 31 S.Ct. 337, 55 L.Ed. 369. And if there is a differential trait of the classes which is reasonably related to the purposes of the statute, that fact supports the constitutional validity of the statute. Smith v. Cahoon (1931), 283 U.S. 553, 51 S.Ct. 582, 75 L.Ed. 1264; Morey v. Doud (1957), 354 U.S. 457, 77 S.Ct. 1344, 1 L.Ed.2d 1485. And we are bound to accept as shown, any conceivable state of facts which would justify the classification. Lindsley v. Natural Carbonic Gas Co., supra. And when rights and burdens are being parcelled out to groups comprised of different numbers of persons, the individual in each such group is not necessarily entitled to identical treatment. Dandridge v. Williams (1970), 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491. We deem these principles applicable here since the peremptory challenge is itself not a fundamental right. Hayes v. Missouri (1887), 120 U.S. 68, 7 S.Ct. 350, 30 L.Ed. 578. This right is statutory and while it has utility as an adjunct to the jury selection process and adds to our confidence in the impartiality of the jury and the effectiveness of counsel, it is not by this important role sufficiently elevated to require the use of the more rigorous equal protection test. Shapiro v. Thompson (1969), 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600; Carrington v. Rash (1965), 380 U.S. 89, 85 S.Ct. 775, 13 L.Ed.2d 675. The classes here are certainly not "suspect". McLaughlin v. Florida (1964), 379 U.S. 184, 85 S.Ct. 283, 13 L.Ed.2d 222; *432 Graham v. Richardson (1971), 403 U.S. 365, 91 S.Ct. 1848, 29 L.Ed.2d 534.
The class to which appellant belongs, which is claimed here to be constitutionally disadvantaged, is identified by the fact that it is comprised of multiple defendants facing a joint jury trial. This class then is set aside and separately treated from the class of lone defendants. The purpose served by the limitation upon peremptory challenges is twofold. It serves to maintain the number of peremptory challenges at a workable level, and thereby it avoids the waste of judicial resources and the undue delay which would result from granting each defendant ten peremptory challenges and then even perhaps giving the State an increased number of peremptory challenges in response to that. In State v. Persinger (1963), 62 Wash.2d 362, 382 P.2d 497, and People v. King (1966), 240 Cal. App.2d 389, 49 Cal. Rptr. 562, equal protection challenges to similar statutes were rejected upon consideration of this justification alone. However in the case before us the limitation also serves the policy underlying I.C. 1971, XX-X-XX-X, being Burns § 9-1503[1] which is to bring in balance the influence which the prosecution on one side and the defense on the other exert over the jury selection process by the use of peremptory challenges. If the influence of the two sides is not kept within some reasonable balance, the risk would exist that the jury produced would favor one side or the other.[2]
We are convinced therefore that the legislative decision to limit the number of peremptory challenges in the manner described was dictated by a need to fashion an efficient and expeditious jury selection process and to at the same time produce a jury neither prosecution nor defense minded. These needs are peculiarly magnified in the case in which more than one defendant is to be tried. It cannot be said that the disparate treatment of this statute is without a reasonable basis.
We are made more confident in this conclusion upon consideration of the right of all co-defendants to seek an individualized determination of the prejudice which this limitation may have upon the right to a trial by an impartial jury. Such a particularized investigation into possible prejudice flowing to a co-defendant from a joint trial is afforded by I.C. 1971, 35-3.1-1-11, being Burns § 9-913. If a severance of trials is ordered this statute would not apply to limit the number and exercise of peremptory challenges. In effect, a co-defendant can move out of this disadvantaged class of co-defendants upon a demonstration of actual prejudice flowing in the particular case.
Appellant has also properly raised the issue again in her petition for rehearing that Burns § 9-1502, supra, is repugnant to the doctrine of Separation of Powers contained in Art. 3, § 1, of the Indiana Constitution. She contends that the judicial branch alone may deal with the subject matter of this statute. We find that this statute is not invalid on this ground. This same holding was at least implicit in Neeley v. State (1973), Ind., 305 N.E.2d 434.
The remaining issues raised in the petition of appellant Martin and all the issues raised in appellant Thornton's petition were adequately considered in the Court's original opinion. The petition of both appellants is now denied.
ARTERBURN, C.J., and GIVAN, HUNTER and PRENTICE, JJ., concur.
NOTES
[1] "The prosecuting attorney shall have the same number of peremptory challenges as the defendant has in like cases."
[2] The ABA Standards relating to Trial by Jury, § 2.6, makes no specific recommendation for standards to govern the distribution of peremptory challenges.