**E. L. NELSON, Appellant (Defendant Below)**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 3–380A72.**

Court of Appeals of Indiana, Fourth District.

Dec. 29, 1980.

Thomas L. Ryan, Deputy Public Defender, Fort Wayne, for appellant.

Theodore L. Sendak, Atty. Gen., Kathleen L. Lucas, Deputy Atty. Gen., Indianapolis, for appellee.

MILLER, Judge.

E. L. Nelson was convicted of burglary, IC 35–43–2–1 [1] and sentenced to ten years. From this he appeals raising several issues. Due to our decision we need only discuss one:

Whether the trial court erred by refusing to give Nelson's tendered instruction on circumstantial evidence.

We reverse and remand.

---

1. IC 35–43–2–1 reads in pertinent part:
"A person who breaks and enters the building or structure of another person with intent to commit a felony in it commits burglary, ... a Class B felony ... if the building or structure is a dwelling."

## FACTS

On October 29, 1978, at approximately 7:00 a. m., the police discovered Nelson in the attic of Frank Johnson, Jr.'s upstairs apartment in Fort Wayne. The police had been summoned thereby Johnson's neighbor who, knowing him not to be home, reacted when noises were heard in the apartment. When the police arrived Johnson's door was padlocked from the outside, a bathroom window had been broken and some of Johnson's stereo equipment was outside the broken window on the roof.

Johnson acknowledged at trial that he and Nelson had engaged in a sexual affair in the course of which Nelson had, on occasion, slept at Johnson's apartment. However, he testified that he had not seen Nelson recently, and had neither given him permission to be at his apartment on October 28, 1978, nor to remove any of his stereo equipment.

Nelson testified to the following: he had entered the apartment at approximately two–thirty that morning, and had a discussion in which he told Johnson he wanted to end the relationship. They went to bed and when Nelson awoke Johnson had left, presumably to go to work. Nelson testified it was not unusual for him to stay at the apartment while Johnson was at work. However, in their previous discussion Johnson indicated he was going out of town after work that day. After he discovered the door was locked from the outside, Nelson tried to leave through the bathroom window. He was removing the stereo because he claimed he paid for part of it. He testified he didn't "break" the window but he "raised the window and it fell." While removing the stereo he saw one of the police officers who yelled something threatening. He then ran to the attic to hide.

## DISCUSSION

Nelson contends the court erred in refusing to give his tendered instructions on circumstantial evidence. The following instructions were tendered and refused:

"Proof of circumstantial evidence must not only coincide with the hypothesis of guilt, but must be of so conclusive a [sic] character, and point so surely and unerringly to the guilt of the accused as to exclude every hypothesis of innocence."

"The true test by which to determine the value of circumstantial evidence in respect to its sufficiency to warrant a conviction in a criminal cause is, not whether the proof establishes circumstances which are consistent, or which coincide with the hypothesis of the guilt of the accused, but whether the circumstances satisfactorily established are of so conclusive a character, and point so surely and unerringly to the guilt of the accused, as to exclude every reasonable hypothesis of his innocence. The force of circumstantial evidence being exclusive in its character, the mere coincidence of a given number of circumstances with the hypothesis of guilt, or that they would account for, or concur with, or render probable, the guilt of the accused, is not a reliable or admissible test, unless the circumstances rise to such a degree of cogency and force as, in the order of natural cause and effect, to exclude to a moral certainty every other hypothesis except the single one of guilty."

"The law requires more than mere opportunity. It requires evidence to prove guilt beyond a reasonable doubt. It will not permit a mere possibility because of opportunity to commit the crime charged. It does not require direct evidence, but if not direct, then the circumstantial evidence must be such as to exclude every other reasonable hypothesis except that of guilt. One may not be convicted on a mere conjecture or possibility."

In determining whether an instruction has been properly refused we must determine 1) whether the tendered instruction is a correct statement of the law, 2) whether the giving of the instruction is supported by evidence in the record and 3) whether the substance of the tendered instruction is covered by other instructions given at trial. *Spears v. State,* (1980) Ind., 401 N.E.2d 331, *Davis v. State,* (1976) Ind., 355 N.E.2d 836.

Recently in *Spears v. State, supra,* our Supreme Court examined the propriety of

the following language which was deleted by the trial court from an instruction:

"However, where the evidence is circumstantial in character, it must be of such inclusive [sic] and persuasive force that it tends to point surely and unerroringly [sic] to the guilt of the accused to such an extent that it excludes every reasonable hypothesis of innocence. Therefore, if circumstantial evidence in this case gives rise to two reasonable inferrences [sic], one of guilt and one of the defendant's innocence, you must acquit the defendant."

*Spears v. State, supra* at 334.

The Supreme Court determined that the tendered instruction included a correct statement of the law and in reversing the conviction of murder on this issue stated:

"It is current law that on appeal this Court will not adopt the test of exclusion of every reasonable hypothesis of innocence as a standard for review in sufficiency matters. However, this Court has never departed from the conviction that the above standard is a proper one to be employed at the trial court and a defendant is entitled to an instruction to that effect.

. . . . .

**2.** The following testimony was heard at trial:

"Q. Now, again, referring to State's Exhibit No. 3, the photograph, [of the outside of the house from the ground showing the roof, window and stereo equipment] there was some broken glass on the roof of that particular apartment, was there not?
A. Yes, Sir.
Q. Where would it be located with regard to this stereo equipment?
A. It was mostly on the inside.
Q. Okay. But there was some broken glass outside also?
A. If there was I never noticed it.
Q. Well, you just told us that there was broken glass out on the roof.
A. I said on the inside.
Q. Well I don't understand your answer. I asked you if there was broken glass on the roof next to the equipment, and you said, 'Yes.'
A. I said there was mostly glass broke mostly on the inside.
Q. Let me ask you the question again so we're clear. Was there glass, broken glass, on the roof?

We conclude that the language which the trial court deleted from defendant's tendered instruction correctly states the law. As stated above, the evidence was circumstantial in this case and, therefore, supported the giving of the omitted portions of defendant's tendered instruction."

*Spears v. State, supra* at 334–35.

We must next determine if the evidence supports the giving of an instruction on circumstantial evidence. Circumstantial evidence is "(e)vidence of facts or circumstances from which the existence or non–existence of fact in issue may be inferred." Black's Dictionary of Law, 221 (5th Rev. Ed., 1979). Here the evidence used to establish that Nelson had broken into Johnson's apartment was circumstantial. There was direct evidence that Nelson broke the window. But the fact that he broke it while attempting to enter the apartment (contrary to his testimony) could have been inferred from the police officer's testimony as to the location of the broken glass[2] since no one testified to his entering the apartment by any means. Thus, there was circumstantial evidence[3] which required the

A. I didn't notice anything like that.
Q. Okay, why not?
A. Because I wasn't looking.
Q. Okay, were you on the roof?
A. No.
Q. Did you look through the bathroom window?
A. Not all the way through–I just stood there and glanced out the window."

**3.** Nelson claims any evidence of his intent had to be circumstantial. This argument was also laid to rest in *Spears v. State, supra* at 335:

"Defendant claims that any evidence of intent to kill was circumstantial and, therefore, the instruction would apply equally to that charge. The evidence from which intent could be inferred was direct. Thus, the instruction would not apply to the assault with intent to kill charge. To hold otherwise would require a circumstantial evidence instruction in every case involving a crime containing the element of intent. Unnecessary confusion would result from such a course."

giving of an instruction as in *Spears v. State, supra.*

Finally, we must decide if the substance of Nelson's tendered instructions was covered by any of the other instructions given. The only instructions given which could relate to this issue are as follows:

"Under the law of this State you must presume that the defendant is innocent. You must continue to believe that he is innocent throughout the trial, unless the State proves that the defendant is guilty, beyond a reasonable doubt, of every essential element of the crime charged, [sic]

Since the defendant is presumed to be innocent, he is not required to present any evidence to prove his innocence, or to prove or explain anything. If, at the conclusion of the trial, there remains in your mind a reasonable doubt concerning the defendant's guilt you must find him not guilty."

"A 'reasonable doubt' is a fair, actual and logical doubt that arises in your mind after an impartial consideration of all of the evidence and circumstances in the case. It should be a doubt based upon reason and common sense and not a doubt based upon imagination or speculation.

If, after considering all of the evidence, you have reached such a firm belief in the guilt of the defendant that you would feel safe to act upon that conviction, without hesitation, in a matter of the highest concern and importance to you, when you are not required to act at all, then you will have reached that degree of certainty which excludes reasonable doubt and authorizes conviction.

The rule of law which requires proof of guilt beyond a reasonable doubt applies to each juror individually. Each of you must refuse to vote for conviction unless you are convinced beyond a reasonable doubt of the defendant's guilt. Your verdict must be unanimous."

"Where two reasonable inferences may be drawn from the same set of facts, one consistent with guilt and the other consistent with innocence, you are instructed to draw from those facts the inference which would be most consistent with the innocence of the defendant."

None of these instructions inform the jurors that they must resolve circumstantial evidence in such a way as to exclude every reasonable hypothesis of innocence.

We are not convinced the court's failure to give the tendered instruction was harmless error as the evidence of Nelson's guilt was not overwhelming. Nelson was not a stranger in Johnson's apartment and they had engaged in intimate relations on a number of occasions during which he was necessarily given permission to be on the premises. Whether Nelson's presence in the apartment on the day in question was gained through breaking or with permission, was a fact to be determined by the jury. In doing so the jury had to resolve the circumstantial evidence presented to it on the issue. Thus, the failure to instruct the jury on the appropriate manner to treat circumstantial evidence was reversible error under *Spears v. State, supra.* Therefore, we must reverse the judgment and remand this case for a new trial.

YOUNG, P. J., and CHIPMAN, J., concur.