Jessie Lee NASH, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 2–581A181.

Court of Appeals of Indiana,
Second District.

April 7, 1982.

Theodore D. Wilson, Wilson, Coleman & Roberts, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Kathleen G. Lucas, Deputy Atty. Gen., Indianapolis, for appellee.

SHIELDS, Judge.

Appellant Jessie Lee Nash appeals his conviction of one count of theft, I.C. 35–43–4–2 (Burns Code Ed., Supp.1981) and two counts of criminal conversion, I.C. 35–43–4–3 (Burns Code Ed., Repl.1979). The following issues are raised on appeal:

I. Whether the trial court erred in admitting evidence arising out of a search of Nash's residence;

II. Whether the trial court erred in refusing to give certain of defendant's proposed instructions; and

III. Whether there was sufficient evidence to support the verdict.

Reversed and remanded.

The record reveals a 17″ RCA color television was stolen from the home of Carlyle Gulliford on September 24, 1979. Days later a juvenile confessed to the police he and a companion stole the RCA television from the Gulliford residence and sold it to Nash for $20. On the basis of this information a search warrant of Nash's residence issued. The subsequent search of the premises revealed the RCA television in Nash's bedroom. In addition, a Motorola Quasar television and a Pioneer tape deck previously reported stolen were confiscated. Nash was charged with three counts of theft. At trial the jury returned a verdict of guilty on the theft of the RCA television (Count I) and returned a verdict of guilty to the lesser included offense of conversion on the additional two counts (Counts II and III). Nash was sentenced to consecutive terms of two years on Count I and one year each on Counts II and III.

I

Nash contends the trial court erred in admitting evidence seized from his residence. Within this issue he makes several arguments.

First, Nash challenges the sufficiency of the affidavit upon which the search warrant issued. He claims it fails to include facts within the affiant's personal knowledge and contains only information supplied by an informant whose credibility was not adequately established. The affidavit states in pertinent part:

"In support of my assertion as to the existence of probable cause, the following

facts and circumstances are offered, based upon my personal knowledge: A juvenile has admitted to your affiant that he broke into the house located at 1103 South Adams Street in Marion, Indiana, on September 24, 1979, and took a 17-inch RCA color TV belonging to Carl Gulliford. The juvenile states that he took said TV to the Jesse Nash residence at 1810 South Adams Street in Marion, Indiana, where he sold said TV to Nash for the sum of $20.00. *Your affiant believes the statement of the juvenile to be reliable and credible because of its self-incriminatory nature and because it is corroborated by Mr. Gulliford."* (emphasis supplied)

Our supreme court has enunciated the three requirements an affidavit containing hearsay must meet in order to satisfy I.C. 35–1–6–2 (Burns Code Ed., Repl.1979):

"To assure that those warrants issued upon 'information,' rather than upon hard facts, are issued only upon *reliable* information, supplied by a *credible* person, the statute requires the affiant to supply the issuing authority with the following information:

(a) Affirmative allegations that the credible person spoke with personal knowledge of the matters contained therein.

(b) The facts within the personal knowledge of the credible person.

(c) The facts within the affiant's knowledge as to the credibility of the credible person." (emphasis supplied)

*Madden v. State*, (1975) 263 Ind. 223, 328 N.E.2d 727, 729. Where an affidavit is supported primarily by hearsay, there must be strict compliance with the statute. *Mills v. State*, (1978) Ind.App., 379 N.E.2d 1023.

■ In the present case we are satisfied the affidavit met the requirements imposed by I.C. 35–1–6–2. The juvenile informant spoke with *personal knowledge* of the facts which gave rise to probable cause. He stated he broke into the Gulliford residence and stole an RCA television. The juvenile, according to the affidavit, then admitted taking the television to the Nash residence where it was sold to Jessie Nash for $20.

The affidavit also contains sufficient facts within the affiant's knowledge as to the credibility of the informant. It notes the juvenile's statement constituted a declaration against penal interest and that it had been partially corroborated by Gulliford, the burglary victim. Nash nevertheless argues, in Indiana, a declaration against penal interest may not be used for the purpose of establishing declarant's credibility.

■ We acknowledge the case law in this state is somewhat unclear concerning whether statements against penal interest may be used to support informant's credibility for the purpose of establishing probable cause. However, the cases cited by Nash to support the proposition that such declarations may not be utilized as evidence of informant's reliability are distinguishable from the case at bar. In *Taggart v. State*, (1978) 269 Ind. 667, 382 N.E.2d 916, a declaration against penal interest was held inadmissible at trial as an exception to the hearsay rule. Aside from the fact a trial represents a distinctly different stage of a criminal proceeding than the one at issue here, it should be noted in *Taggert* the entire circumstances surrounding the origin of the statement were "permeated with an indicia of untrustworthiness." No such problem exists in the present case. The other case cited by Nash is *Knaub v. State*, (1979) Ind.App., 394 N.E.2d 201. In that case the Third District concluded the hearsay statements regarding an alleged sale of narcotics upon which the search warrant was based did not represent a declaration against penal interest because the declarant did not participate in the sale.

There is substantial authority to support a determination that statements against penal interest are a reliable indicia of credibility to sufficiently support a finding of probable cause. The United States Supreme Court has stated:

"Common sense in the important daily affairs of life would induce a prudent and disinterested observer to credit these statements. People do not lightly admit a crime and place critical evidence in the

hands of the police in the form of their own admissions. Admissions of crime, like admissions against proprietary interests, carry their own indicia of credibility—sufficient at least to support a finding of probable cause to search. That the informant may be paid or promised a 'break' does not eliminate the residual risk and opprobrium of having admitted criminal conduct."

*United States v. Harris,* (1971) 403 U.S. 573, 584, 91 S.Ct. 2075, 2082, 29 L.Ed.2d 723. Other Indiana cases which have addressed the issue in circumstances similar to the instant case have held such declarations are sufficient to establish probable cause. *Suggs v. State,* (1981) Ind., 428 N.E.2d 226; *Ross v. State,* (1978) 268 Ind. 471, 376 N.E.2d 1117, *cert. den.* 439 U.S. 1080, 99 S.Ct. 862, 59 L.Ed.2d 50.

We therefore conclude declarations against penal interest constitute an indicia of credibility which may be utilized in ascertaining the credibility of an informant whose information provides the basis of an affidavit for search warrant. The statements of the juvenile informant in the instant case wherein he admitted the commission of a burglary and where the fact of the burglary was corroborated by the victim served as a sufficient foundation to establish the juvenile's credibility.

■■ Nash next argues the search warrant was invalid because it was issued upon a false affidavit. He premises the allegation upon statements supposedly made by affiant at the suppression hearing. As a general rule, a false affidavit renders a search warrant invalid and the fruits of any search conducted pursuant to it must be suppressed. *Gunter v. State,* (1971) 257 Ind. 524, 275 N.E.2d 810. Nash, however, fails to furnish this court with a transcript of the suppression hearing. It is well estab-

lished that it is the duty of an appellant to present an adequate record to the reviewing court. *Ross,* 376 N.E.2d at 1119. Because we generally do not consider matters not in the record, this court is unable to determine the search warrant was issued upon a false affidavit.

■ Nash finally argues the police exceeded the scope of the search warrant when they recorded the serial numbers of the Motorola television and Pioneer tape deck to run a computer check to determine if the items had been stolen. The state, in its brief, concedes the trial court erred in denying Nash's motion to suppress the two items. It is nevertheless the duty of this court to examine the record and decide the law as applied to the facts. *Myers v. State,* (1954) 233 Ind. 66, 116 N.E.2d 839; *Green v. State,* (1953) 232 Ind. 596, 115 N.E.2d 211.

■■ Because Nash has not favored us with a transcript of the suppression hearing, we are unable to conclude the trial court erred in admitting the Motorola television and Pioneer tape deck into evidence. Whenever the admissibility of evidence secured pursuant to a search and seizure is challenged, the issue is presented to the trial court. *Clark v. State,* (1978) Ind.App., 379 N.E.2d 987. The challenge may be made by a pretrial or trial motion to suppress or at trial by a timely objection. *Clark.* Once the trial judge determines the evidence was lawfully seized, the state is not required to present evidence of that fact to the jury in order to lay a foundation for its admission.[1]

In the instant case Nash challenged the admissibility of the two items by a pretrial motion to suppress. The trial court determined the evidence was lawfully seized and denied the motion. Therefore, the state was relieved from the burden of introduc-

---

1. Compare this situation with that which exists when the admissibility of a confession is being challenged. I.C. 35–5–5–1 (Burns Code Ed., Repl.1979) provides in pertinent part:

"Before such confession is received in evidence, the trial judge shall, out of the presence and hearing of the jury, determine any issue as to voluntariness. If the trial judge

determines that the confession was voluntarily made, it shall be admitted in evidence and the trial judge shall permit the jury to hear relevant evidence on the issue of voluntariness and shall instruct the jury to give such weight to the confession as the jury feels it deserves under all the circumstances."

ing evidence out of the jury's presence at trial in order to justify the search. Nash, however, has neglected to furnish this court with a transcript of the suppression hearing where the trial court concluded the search and seizure was lawfully executed. As we indicated, it is the duty of the appellant to provide an adequate record to the appellate court. *Brown v. State*, (1981) Ind., 417 N.E.2d 333. Error alleged but not disclosed by the record is not subject to our review. We are therefore unable to review the issue of whether the police officers executed an unlawful search and seizure in recording the serial numbers of the Motorola television and Pioneer tape deck.

## II

■ The second issue raised by Nash is whether the trial court erred in refusing to give certain of his proposed instructions. As a general rule, in determining whether any error resulted from the refusal to give a tendered instruction, we consider whether the tendered instruction is a correct statement of the law, whether there is evidence in the record to support the giving of the instruction, and whether the substance of the tendered instruction is covered by other instructions which were given. *Nelson v. State*, (1980) Ind.App., 413 N.E.2d 988.

Nash contends the trial court erred in refusing Defendant's Proposed Instruction No. 1 which reads as follows:

"The unexplained exclusive possession of a Defendant of recently stolen property is a circumstance which may be considered with the other facts and circumstances of the case in determining the guilt or innocence of the accused. How-ever, the mere possession of stolen goods, standing alone, is insufficient to support a conviction; and the Defendant cannot be convicted on the basis of evidence of mere possession of stolen goods alone. If you should find from the evidence, beyond a reasonable doubt, that a theft was in fact, committed on the premises involved in the case, and that within a short period of time thereafter the Defendant himself or with others was found in the unexplained exclusive possession of property identified by the evidence as that stolen from the premises, you may consider such circumstances in arriving at your verdict in this case. However, no presumption of guilt of theft is made or arises against the Defendant merely by reason of his exclusive possession of goods which have been unlawfully taken within a short period of time beforehand if such be the case. Proof of the commission of the offense must be made beyond a reasonable doubt by the State, and the Defendant has no burden to account for or explain his possession of the goods; but the burden of proving his guilt beyond a reasonable doubt rests entirely upon the State; and you would not be warranted in finding the Defendant guilty unless all of the elements of the offense charged have been proved by the evidence beyond a reasonable doubt."

■ Assuming, *arguendo*, the appropriateness of the proposed instruction where the essence of the alleged theft involves receiving stolen property,[2] the proposed instruction was nevertheless properly refused. The evidence under Counts II and III of the information reveals the Pioneer tape deck (Count II) was stolen October 17, 1978 and

2. Our courts have generally approved the instruction as a correct statement of the law in this state in cases where defendant is alleged to have stolen the goods himself, *i.e.*, general larceny. *Thomas v. State*, (1981) Ind.App., 423 N.E.2d 682; *Underwood v. State*, (1977) Ind. App., 367 N.E.2d 4. We question its application, however, in cases such as the present where the essence of the alleged theft is receiving stolen property. The rule which permits the jury to consider unexplained exclusive possession of recently stolen property along with the other circumstances and facts has only been applied in cases involving general larceny. We have not found any case which has approved its use in cases where the state claims defendant knowingly received stolen property. This issue, of course, is to be distinguished from the sufficiency of the evidence question. Our appellate courts continue to reaffirm the rule that unexplained possession of recently stolen property is not sufficient by itself to sustain a conviction for receiving stolen property. *See* discussion in *Gaddie v. State*, (1980) Ind.App., 400 N.E.2d 788.

the Motorola Quasar television (Count III) was stolen December 21, 1978. These items were recovered in Nash's residence on September 30, 1979, eleven months and nine months respectively after their theft. In this particular case, considering the easily transferable nature of the goods involved, as a matter of law this lapse of time cannot reasonably be deemed recent in the absence of other circumstances strongly supporting a determination of guilt. *Morgan v. State*, (1981) Ind.App., 427 N.E.2d 14. No such circumstances exist in the present case. Consequently the portion of the instruction which, in part, would have advised the jury it could consider Nash's unexplained exclusive possession of recently stolen property as a circumstance in reaching its verdict was not supported by the evidence relating to Counts II and III. Because the instruction was not limited to Count I, we hold the trial court properly refused its tender.

Nash also contends the trial court erred in refusing to give Defendant's Proposed Instruction No. 2 which reads as follows:

"Culpability is defined in Indiana as follows:

A person engages in conduct 'intentionally' if, when he engages in the conduct, it is his conscious objective to do so.

"A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so."

He notes the information charges him with violating I.C. 35–43–4–2(a) which makes it an offense to "knowingly or intentionally" exert unauthorized control over property of another person; therefore, it is alleged the trial court erred in refusing to give the tendered instruction.

 According to our supreme court, the terms "knowingly" and "intentionally" are words of a technical or legal meaning normally not understood by jurors unversed in the law and are therefore words of art. *Smith v. State*, (1981) Ind., 422 N.E.2d 1179.

The use of a word of art in an instruction generally requires an additional instruction on the definition of that word. In *Smith* the defendant objected to the court's refusal to give a tendered instruction which used the words "recklessly, knowingly, or intentionally." Justice Pivarnik, speaking for the supreme court, held the tender was properly refused:

". . . the instruction uses the words 'recklessly, knowingly or intentionally.' Under our penal code, these are terms of art; that is, they have special legal definitions. Ind.Code § 35–41–2–2 (Burns 1979 Repl.). We have held that the use of a word of art in an instruction requires a further instruction on the definition of that word. *Martin v. State*, (1974) 262 Ind. 232, 246, 314 N.E.2d 60, 70, *reh. denied*, 262 Ind. 232, 317 N.E.2d 430, *cert. denied*, (1975) 420 U.S. 911, 95 S.Ct. 833, 42 L.Ed.2d 841. *Cf. Lock v. State*, (1980) Ind., 403 N.E.2d 1360. However, Smith tendered no additional instructions on the meaning of these terms. For these reasons, the tendered instruction was confusing and thus properly refused. The trial court did not err in refusing appellant's tendered instruction number five."

422 N.E.2d at 1184, *Contra Johnson v. State*, (1981) Ind.App., 426 N.E.2d 91. While the trial court gave an accurate instruction concerning the statutory offense of theft, it did not attempt to define the terms "intentionally" or "knowingly." Nash's tendered instruction was a correct statement of the law in that it recited verbatim from I.C. 35–41–2–2 which specifically defines the terms. Whether Nash engaged in conduct "knowingly" was a critical issue. The trial court therefore erred in refusing Defendant's Proposed Instruction No. 2.

The judgment is reversed and the case remanded for a new trial.[3]

### III

Nash asserts there is insufficient evidence to sustain the convictions. However, we do

---

3. Additionally, Nash argues the trial court erroneously refused to give Defendant's Proposed Instruction No. 4 concerning circumstantial evidence. He fails, however, to support the allegation with citations to authority or to make a clear showing of how his contentions relate to the facts of the case. Ind.Rules of Procedure, A.R. 8.3(A)(7). We deem the issue waived.

not address this issue because we have previously held an appellate court should not determine the sufficiency of the evidence when presented with a reversible procedural error except in an "extraordinary case." *Mulry v. State*, (1980) Ind.App., 399 N.E.2d 413. This case cannot be so classified. However, inherent within the sufficiency issue is an issue which we deem appropriate to determine.

Nash was charged in all three counts with theft pursuant to I.C. 35–43–4–2. At the time of the offense the statute provided:

"(a) A person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits theft, a Class D felony.

"(b) A person who knowingly or intentionally receives, retains, or disposes of the property of another person that has been the subject of theft commits receiving stolen property, a Class D felony."

The charging instrument did not specify the subsection of the statute under which Nash was charged. An examination of the information, however, clearly reveals all three counts were couched in the language of subsection (a). The state therefore bore the burden of proving Nash knowingly exerted unauthorized control over the RCA television, Motorola television, and Pioneer tape deck, the property of another person, with the intent to deprive that other person of its use or value. This raises the issue whether evidence sufficient to sustain a conviction of receiving stolen property under subsection (b) is sufficient to sustain a conviction pursuant to subsection (a) of the theft statute. We hold it is. It is well established in Indiana that subsection (a) of the theft statute, which makes it an offense to knowingly exert unauthorized control over property of another, comprehends a broad field of conduct including any other narrowly defined activity specifically enumerated in the statute, such as receiving stolen property. *Green v. State*, (1972) 258 Ind. 481, 282 N.E.2d 548; *Elmore v. State*,

(1978) Ind.App., 375 N.E.2d 660, *vacated on other grounds*, 269 Ind. 532, 382 N.E.2d 893. In essence, facts sufficient to sustain a conviction of receiving stolen property pursuant to subsection (b) are also *prima facie* proof of the general charge of exerting unauthorized control over property. As our supreme court stated:

"The fact that there are other included offenses, which are more narrowly defined does not prohibit the state from prosecuting under a broader provision of the statute, such as the one in this case which covers any 'unauthorized control of the property of the owner.' "

*Green*, 282 N.E.2d at 550.

This construction of the theft statute is warranted by the definition of terms used in that statute contained at I.C. 35–43–4–1 (Burns Code Ed., Repl.1979 and Supp.1981). As the Indiana Criminal Law Study Commission stated in its comments to the theft statute:

"Obtaining control over stolen property is equivalent to exerting unauthorized control over property of the owner given this proposed chapter's definition of 'exerting' and 'owner.' "

Judgment reversed and cause remanded for a new trial.

SULLIVAN, J., concurs.

BUCHANAN, C. J., dissents, with separate opinion.

BUCHANAN, Chief Judge, dissenting.

I dissent for two reasons:

First, as the State has aptly pointed out, Nash failed to cite any relevant authority in his brief and therefore waived the definitional instruction issue. Ind.Rules of Procedure, App.R. 8.3(A)(7), and cases too numerous to cite.

Second, relevant authority does not require the trial court to give a tendered definitional instruction of "knowingly or intentionally" in all circumstances. The giving of definitional instructions is a matter left to the trial court's sound discretion. *McFarland v. State*, (1979) Ind., 390 N.E.2d

**814**

989 ("malice"); *Coonan v. State*, (1978) 269 Ind. 578, 382 N.E.2d 157, *cert. denied*, 440 U.S. 984, 99 S.Ct. 1798, 60 L.Ed.2d 246; *Stevens v. State*, (1976) 265 Ind. 411, 354 N.E.2d 727 ("insanity"); *Martin v. State*, (1974) 262 Ind. 232, 314 N.E.2d 60 reh. den. 317 N.E.2d 430, *cert. denied*, 420 U.S. 911, 95 S.Ct. 833, 42 L.Ed.2d 841 ("purposely").

*Smith v. State*, (1981) Ind., 422 N.E.2d 1179, *is distinguishable.* It merely stands for the proposition that, if the court determines the jury might be misled without an accompanying definitional instruction of "knowingly or intentionally" and the defendant has tendered no such instruction, he may not obtain reversal on the ground that the trial court refused to give a distinct instruction which contains the words "knowingly or intentionally." *See Johnson v. State*, (1981) Ind.App., 426 N.E.2d 91. I am aware of no authority obligating the trial court to give a tendered definitional instruction notwithstanding its conclusion that the instruction is superfluous. I would affirm the conviction.