**John COLE, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 479S88.**

Supreme Court of Indiana.

April 30, 1980.

Gary R. Landau and Preston T. Breunig, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Rollin E. Thompson, Asst. Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

Defendant, John Cole, was convicted by a jury of attempt to commit robbery while armed with a deadly weapon, Ind.Code §§ 35–41–5–1 and 35–42–5–1 (Burns 1979 Repl.), and sentenced to twenty years' imprisonment. He now appeals raising the following issues:

1. Whether the trial court erred in failing to instruct the jury regarding the crime of criminal recklessness as a lesser included offense of the crime charged; and

2. Whether the verdict of the jury and the judgment of the trial court are supported by sufficient evidence.

The relevant facts most favorable to the state follow.

On July 22, 1978, defendant entered a hardware store in Indianapolis, Indiana. Defendant wore a stocking mask and brandished a handgun. He went behind a counter where a cashier was writing a receipt for a customer. The cashier was standing between defendant and the cash register. Defendant pointed his gun in the cashier's face and shouted, "Don't anybody move, don't anybody move." Then a second hardware store employee shot defendant twice and defendant fled.

## I.

Defendant argues that criminal recklessness, Ind.Code § 35–42–2–2 (Burns 1979 Repl.), is a lesser included offense of attempted armed robbery and, therefore, he was entitled to have the jury instructed thereon.

■ This Court has developed a two-pronged test for determining whether a defendant is entitled to a lesser included offense instruction. First, the lesser offense must be necessarily included within the greater offense, that is, one cannot commit the greater offense without also committing the lesser offense. Second, there must be evidence adduced at trial to which the included offense instruction was applicable. *Rowley v. State*, (1979) Ind., 394 N.E.2d 928; *Hash v. State*, (1972) 258 Ind. 692, 284 N.E.2d 770. Although the facts in this case could support a criminal recklessness instruction, we are not convinced that crime is necessarily included within the greater offense because of the "substantial risk of bodily harm" element in the crime of criminal recklessness. Conceivably, one could commit the crime of attempted armed robbery without performing an act that creates a substantial risk of bodily harm to another individual.

■ Nevertheless, we need not reach this issue in the case at bar. Defendant neither requested an instruction on criminal recklessness at trial nor did he assign the failure to give such instruction as error in his motion to correct errors. The only mention of lesser included offenses occurred when the prosecuting attorney asked the trial judge if there would be any lesser included offense instructions. The judge left the matter up to counsel and there was no further discussion. Therefore, we deem the issue waived. Ind.R.Crim.P. 8(B); *Randolph v. State*, (1978) Ind., 378 N.E.2d 828; *Spivey v. State*, (1971) 257 Ind. 257, 274 N.E.2d 227.

## II.

Defendant asserts that there was insufficient evidence to support the verdict of the jury and the judgment of the trial court. Defendant claims there is no evidence of his intent. He contends that he could have entertained the intent "to proceed in many avenues of criminal conduct," but there is no evidence of intent to take property.

■ In reviewing the sufficiency of the evidence, we are constrained to consider that which is most favorable to the state, together with all reasonable and logical inferences to be drawn from that evidence. When there is substantial evidence of probative value supporting the jury's verdict, the conviction will not be set aside on the grounds of insufficient evidence. *Faught v. State*, (1979) Ind., 390 N.E.2d 1011; *Henderson v. State*, (1976) 264 Ind. 334, 343 N.E.2d 776.

This Court has stated:

"Intent is a mental function, and, where not consummated, it is impossible to know with absolute certainty what was operating in the actor's mind; and in such cases it must be arrived at by courts and juries from a consideration of the conduct and the natural and usual sequence to which such conduct logically and reasonably points." *Hanes v. State*, (1900) 155 Ind. 112, 116, 57 N.E. 704, 705.

See also *Byassee v. State*, (1968) 251 Ind. 114, 239 N.E.2d 586.

■ Defendant entered a hardware store and held a gun on the cashier stand-

ing, in a narrow aisle, between defendant and the cash register. Defendant's "Don't anybody move" statement completed the scenario which a reasonable jury could logically associate with intent to rob the store. Of the many other possible "avenues of criminal conduct," defendant particularly suggests that he could have intended to commit a battery upon someone in the store. Reaching alternative inferences is a function of the trier of fact, not this Court. *Wise v. State,* (1980) Ind., 400 N.E.2d 114.

We find substantial evidence from which the jury could infer defendant's intent to commit armed robbery. We find substantial evidence of conduct constituting a substantial step toward the consummation of that underlying felony.

For the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.