**STATE of Indiana, Plaintiff-Appellant,**

v.

**Michael McGRAW, Defendant-Appellee.**

No. 2–882A222.

Court of Appeals of Indiana, Second District.

Jan. 24, 1984.

Rehearing Denied March 5, 1984.

Linley E. Pearson, Atty. Gen. of Ind., Michael Gene Worden, Deputy Atty. Gen., Stephen Goldsmith, Prosecuting Atty. 19th Judicial Circuit, James M. Warden, Deputy Prosecuting Atty., Indianapolis, for plaintiff-appellant.

Donald E. Snow, Matthew F. Purol, Philip R. Melangton, Jr., Melangton, Bradford & Snow, Indianapolis, for defendant-appellee.

NEAL, Presiding Judge (Writing by Designation).

## STATEMENT OF THE CASE

Defendant-appellee, Michael McGraw (McGraw) was charged and convicted by a jury in Marion Superior Court, Criminal Division, Room One, of two counts of theft of "the use of computer services". After the return of the jury verdicts, but before sentencing, the trial court sustained McGraw's new and refiled motion to dismiss the two charges because the information failed to state an offense. From that ruling, the State appeals.

We reverse.

## STATEMENT OF THE FACTS

McGraw was charged with numerous offenses in a multicount information of which only Count VIII and Count IX charging theft are relevant here. In those two counts, which are identical except as to dates, the State alleged that McGraw:

"... did unlawfully and knowingly exert unauthorized control over the property of the City of Indianapolis, Indiana, to-wit: the use of computer services with the intent to deprive the City of Indianapolis, Indiana of any part of the value ..."

The trial court overruled McGraw's pre-trial motion which challenged the two counts on the grounds that they failed to state an offense.

At trial, the undisputed evidence revealed that McGraw, a computer operator for the Indianapolis Department of Planning and Zoning from January 21, 1980 until March 26, 1981, used the computer in a private business operated by him involving the sale of a dietary product known as NaturSlim. The computer service had been leased by the City from Marion County on a flat fee basis for the benefit of its various departments, and McGraw's terminal and office were in the City-County building. Employees had no authority to use the computer for private business matters. Nevertheless, McGraw used the computer in his NaturSlim business for client lists, inventory control, birthdates of clients, copies of letters of solicitation he was sending to customers and potential customers, and other allied material relating to the business. He had been previous-

ly reprimanded for selling his product on office time and was ultimately discharged for his failure to desist therefrom and for substandard job performance. Shortly after discharge, McGraw requested a fellow employee, also a computer operator, to obtain a print-out of his NaturSlim data and then erase it from the computer's memory bank. Instead of complying, the fellow employee informed his supervisor, and the ensuing investigation revealed McGraw's activities. The print-out of the NaturSlim data amounted to a sheaf of papers 4″ to 5″ thick, 11″ wide and 15″ long.

McGraw was found guilty on both counts. Prior to sentencing, he filed anew his motion to dismiss Counts VIII and IX for the reason that they did not state an offense against the State of Indiana over which the court has jurisdiction. The trial court sustained the motion on the grounds that the facts stated did not constitute an offense and therefore the court had no jurisdiction, and for the further reason that the evidence adduced at the trial did not constitute an offense as charged in the two counts.

## ISSUE

The sole issue on appeal is whether the trial court erred in granting McGraw's post-trial motion to dismiss. Though jurisdictional questions, sufficiency of the evidence questions, and procedural questions are argued by the parties, we deem the sole issue under the motion to dismiss and the court's ruling thereon is whether the unauthorized use of another person's computer for private business is theft under the statute as a matter of law.

## DISCUSSION AND DECISION

Theft is defined by IND.CODE 35–43–4–2(a) as follows:

"A person who knowingly and intentionally exerts unauthorized control over property of another person with intent to deprive the other person of any part of its value or use, commits theft, a Class D felony."

IND.CODE 35–41–1–2 defines property:

" 'Property' means *anything of value; and includes a gain or advantage or anything that might reasonably be regarded as such by the beneficiary;* real property, personal property, money, labor, *and services;* intangibles; commercial instruments; written instruments concerning labor, services, or property; written instruments otherwise of value to the owner, such as a public record, deed, will, credit card, or letter of credit; a signature to a written instrument; extension of credit; trade secrets; contract rights, choses-in-action, and other interests in or claims to wealth; electricity, gas, oil, and water; captured or domestic animals, birds, and fish; food and drink; and human remains."

The State essentially argues that the theft statute comprehends a broad field of conduct and a wide range of activities, and is sufficiently broad to prohibit McGraw's acts here. McGraw supports the trial court's decision on a broad front and engages in an analysis of the statutes in the same manner.

McGraw's initial arguments involve a close examination of the pertinent statutory language. The theft statute, he argues, is divided into a conduct portion "knowingly and intentionally exerting unauthorized control over the property of another person" and the intent portion, "with the intent to deprive the other person of any part of its value or use". The word use does not appear in the conduct portion; therefore, the unauthorized control must be over the property itself. Further, he argues, IND.CODE 35–41–1–2, which defines property does not include the word "use" as such, and IND.CODE 35–43–4–1(a) which defines "exert control over property", does not employ the term "use". Additionally, he contends that "services" as used in IND.CODE 35–41–1–2 is limited to the context of labor.

In addition to the above construction argument, McGraw asserts that to be guilty of the offense, a specific prohibition of his conduct must exist. He contends that he

could not deprive the city of the "use" of the computer unless his data caused an overload on the computer memory banks, or that he used the computer for his private business at a time which interfered with city use. He argues that the value of the services was de minimus. He finally claims that his activities were no more than personal use of an office phone, calculator, or copy machine.

Inasmuch as the evidence clearly supports the fact that McGraw knowingly and intentionally used the city leased computer for his own monetary benefit, the only real question is whether "use" of a computer is a property subject to theft. The sufficiency question will not be discussed separately.

No Indiana case under the modern theft statute exists which addresses this question. We view McGraw's arguments as derived from old common law concepts which do not control the much broader definition of property and theft contained in modern statutes. The case most applicable to the instant one is *Moser v. State*, (1982) Ind.App., 433 N.E.2d 68. In *Moser*, the defendant was charged under IND. CODE 35–43–5–3(a)(6) with the offense of deception by avoiding a lawful charge of cable television. The court, referring to IND.CODE 35–41–1–2 (the property definition), stated that the "receiving of cable television signals was receiving something of value, whether a service, or signal, or a combination thereof, from someone who had a possessory intent in it". However, this case is not wholly on point because IND.CODE 35–43–5–3(a)(6) refers specifically to television services.

A search of the holdings of other jurisdictions regarding computer-related crime has turned up cases which are neither particularly helpful nor on point.

In *Hancock v. State*, (1966) Tex.Cr.App., 402 S.W.2d 906, a Texas Court of Criminal Appeals decision, the statutory definition of "property" applicable at the time of the decision stated in part, "[t]he term 'property' as used in relation to the crime of theft, includes * * * all writings of every description-

tion, provided such property possesses any ascertainable value." *Hancock, supra*, at 908.

The *Hancock* case concerned the theft of computer programs by an employee of a computer corporation. After examining the above definition, the court determined that computer programs are encompassed by the "property" definition and hence are subject to theft. *Id.*

Similarly, in *National Surety Corporation v. Applied Systems, Inc.*, (1982) Ala., 418 So.2d 847, former employees of Applied Systems were charged with conversion of the company's computer programs dealing with the payroll systems of several of its clients. The employees argued that "only tangible personal property is subject to conversion". *National, supra*, at 849. The court disagreed, noting that "there is case authority to the effect that intangible personal property can be the subject of larceny" (citations omitted). *Id.* at 850. The court added further that it would be anomalous to state that intangible personal property is subject to theft but not conversion. *Id.*

In contrast to the above decisions, two cases discussed extensively by appellee, *People v. Weg*, (1982) 113 N.Y.Misc.2d 1017, 450 N.Y.S.2d 957; and *Lund v. Commonwealth of Virginia*, (1977) 217 Va. 688, 232 S.E.2d 745, reach an opposite conclusion based on more restrictive statutory interpretations.

The defendant in *Weg* was charged with misdemeanor theft of services allegedly committed by using his employer's computer for his own personal benefit. The defendant was employed by the Board of Education of the City of New York. The pertinent New York statute, as is relevant herein, provides that a person is guilty of theft of services when he "[has] control over ... business, commercial, or industrial equipment" and uses the equipment for his personal service. *Weg, supra*, 450 N.Y. S.2d at 958. The *Weg* court decided that the Board's computer did not fall into any of the three categories, and the charge was dismissed.

Similarly, in *Lund,* the defendant was convicted of grand larceny for using the time and services of a university computer without proper authorization. The applicable statute defined grand larceny, in part, as "the taking not from the person of another goods and chattels of the value of $100 or more". *Lund, supra,* 232 S.E.2d at 748. The court determined that the phrase "goods and chattels" does not encompass computer time; furthermore, it held that unauthorized *use* alone is insufficient to bring the act within the tenets of the grand larceny statute, since it refers to a "taking and carrying away of a certain concrete article of personal property". *Id.*

Finally, an Indiana decision similar to *Moser, supra, Helvey v. Wabash County REMC,* (1972) 151 Ind.App. 176, 278 N.E.2d 608, found that electricity, a service, may be stolen.

The view that under modern theft statutes unauthorized use of computer services is theft is supported by the analysis of Michael Gemignani, J.D., Acting Chairman of the Computer Sciences section of Indiana University-Purdue University at Indianapolis, in his article on computer crime in 13 Indiana Law Review 681.

We deem McGraw's interpretation of the statutes overly restrictive. In short, he is arguing old common law precepts pertaining to larceny. In our view his contentions are inapposite to the plain meaning of the statutory sections involved herein.

■  Computer services, leased or owned, are a part of our market economy in huge dollar amounts. Like cable television, computer services are "... anything of value". Computer time is "services" for which money is paid. Such services may reasonably be regarded as valuable assets to the beneficiary. Thus, computer services are property within the meaning of the definition of property subject to theft. When a person "obtains" or "takes" those services, he has exerted control under IND.CODE 35–43–4–1(a). Taking without the other person's consent is unauthorized taking. IND.CODE 35–43–4–1(b)(1). Depriving the other person of any part of the services' use completes the offense. IND..CODE 35–43–4–2(a).

■  Property must be shown to have a value, however slight, but the monetary value of property is of no concern, and the jury may under proper instructions infer some value. *Busam v. State,* (1983) Ind. App., 445 N.E.2d 118. The theft statute comprehends a broad field of conduct, *Nash v. State,* (1982) Ind.App., 433 N.E.2d 807, and does not limit the means or methods by which unauthorized control of property may be obtained. *Elmore v. State,* (1978) 176 Ind.App. 306, 375 N.E.2d 660 (vacated on other grounds 269 Ind. 532, 382 N.E.2d 893) citing *Green v. State,* (1972) 258 Ind. 481, 282 N.E.2d 548. We disagree that specific prohibition to exerting control is necessary to support the conviction theft. McGraw's reliance on *Anderson v. State,* (1981) Ind.App., 406 N.E.2d 351 for this contention is misplaced. Further, we disagree that it is a defense to exerting unauthorized control that the owner was not using the property at the time.

We are of the opinion that Counts VIII and IX of the information states an offense. The judgment of the trial court dismissing Counts VIII and IX is reversed, the convictions are ordered reinstated, and the trial court is ordered to sentence McGraw pursuant thereto.

Judgment reversed.

BUCHANAN, C.J., and SHIELDS, J., concur.