Rodney K. **WOODS**, Appellant,

v.

**STATE of Indiana, Appellee.**

No. 882S300.

Supreme Court of Indiana.

March 12, 1984.

Aaron E. Haith, Choate, Visher & Haith, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is an appeal from a conviction of appellant for the crimes of robbery, a class A felony, Ind.Code § 35–42–5–1, attempted robbery, criminal recklessness, and carrying a handgun without a license. He received a sentence of thirty years on the robbery conviction, and lesser sentences meted out for the other convictions were ordered to run concurrently.

At 6:30 p.m. on the evening of October 24, 1981, a man and woman were crossing the parking lot of a shopping center together on the east side of Indianapolis. Appellant grabbed the woman by her hair, wrapped it around his hand like a rope, and forced her to the ground. He ordered the man to give him "three big ones." He jabbed a gun in the woman's ribs and said "I'll cut her in half." He jerked her purse away and fled from the scene at a run. The woman testified that she was in pain as he held her hair, that she lost hair from her head, and that she had headaches for a month after the incident. She testified that State's Exhibit 3A was the gun which appellant pointed at her. The man and woman testified that they did not see or speak to appellant before he grabbed the woman and she screamed.

A group of men and boys joined the man in chasing appellant as he sought to escape the scene. Several testified at trial and identified Exhibit 3A as the gun with which he threatened them during the chase. One testified that he saw appellant throw the gun in a ditch. Appellant was arrested shortly thereafter by the police and the gun was retrieved from a ditch. During the chase, appellant ran right through a dumpster. The woman's purse was retrieved from beneath the dumpster.

Appellant testified and contradicted the testimony of the State's witnesses in most respects. He stated that he was subjected by the man involved to a scurrilous racial epithet and knife attack, and that he did not grab the woman's purse and drew his unloaded gun and acted throughout the incident in self-defense.

On appeal, appellant raises the following alleged errors:

(1) That the evidence is insufficient to support the conviction.

(2) That the trial court erred in overruling his objection to State's Exhibit 3A.

## I.

He first contends that the evidence serving to establish his intent to commit the crime of robbery, the resultant bodily injury, and to negate his defense of self-defense, was wholly insufficient to support the jury verdict. In determining this question we do not weigh the evidence nor resolve questions of credibility but look to the evidence and reasonable inferences therefrom which support the verdict. *Smith v. State,* (1970) 254 Ind. 401, 260 N.E.2d 558. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which a reasonable trier of fact could infer that appellant was guilty beyond a reasonable doubt. *Glover v. State,* (1970) 253 Ind. 536, 255 N.E.2d 657.

The woman victim testified that appellant made an initial unprovoked assault upon her, jabbed a gun in her ribs, demanded money, and fled the scene with her

purse. This was susceptible of belief and sufficient to warrant the requisite inference that appellant had the state of mind required by the robbery statute. In *Cole v. State,* (1980) Ind., 403 N.E.2d 337, the evidence presented showed no more than the accused entered a store, pointed a gun at the cashier and said "Don't anybody move." It was deemed sufficient to warrant the inference of intent to commit armed robbery. The evidence here is much stronger because it includes a description of an actual taking of property.

The same testimony demonstrating intent is also sufficient to rebut appellant's claim of self-defense, in that if believed, as the jury had a right to do, it would suffice to support belief beyond a reasonable doubt that appellant initiated the attack upon the two victims and was therefore the aggressor and could not have been justified in using force. Ind.Code § 35–41–3–2(d)(3). And finally, bodily injury as used in the robbery statute means any impairment of physical condition, including physical pain. The testimony of the woman victim describing her pain at the time of the attack and for a month thereafter, accompanied by loss of hair, is sufficient proof of this element. The evidence presented by the defense was in direct conflict with that of the prosecution and presented a different picture of the character and quality of the events occurring that evening in the parking lot. This conflict was for the trier of fact to resolve, and under the appellate review standard the rational resolution of that conflict is final.

## II.

Appellant contends that State's Exhibit 3A, a gun allegedly used by him during this episode, was improperly admitted into evidence because of the lack of proper identification and evidence linking him to it. McCreary, another customer in the parking lot, testified at trial and identified appellant as a man he joined in chasing during this episode. He stated that appellant held a gun in his hand and pointed it at him.

Jones, another customer, 16 years of age, testified that appellant ran past him, striking him, and ran on and threw a gun in a ditch. Jones later took an officer over to the ditch and pointed it out and it was picked up by the officer. Jones identified Exhibit 3A as the gun. Lieutenant Meek testified that a boy came over to him at the arrest scene and showed him where a gun had been thrown, and he went over there, found it and picked it up. He handed it over to Deputy Barnett. Barnett testified that he was given a gun at the arrest scene by Lt. Meek and turned it over to Sgt. Cole. Cole testified that he received the exhibit from Officer Barnett at the arrest scene, and engraved his initials on it and personally placed it in the Sheriff's Department Property Room from which he received it on the morning of his testimony prior to coming to court. He identified Exhibit 3A as that gun.

This exhibit was relevant and material in that it corroborated the testimony of the victims. There is a complete chain of custody and identification by engraved initials. This was a sufficiently positive identification of the gun. See *Johnson v. State*, (1969) 252 Ind. 79, 246 N.E.2d 181. The testimony of Jones placed Exhibit 3A in appellant's hand as he ran from the crime scene. A more personal, complete and direct connection of a person with a piece of demonstrative evidence is hard to imagine. State's Exhibit 3A was correctly admitted into evidence.

The conviction is affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.