STATE of Indiana, Appellant
(Plaintiff Below),

v.

Michael McGRAW, Appellee
(Defendant Below).

No. 785S280.

Supreme Court of Indiana.

July 17, 1985.

Rehearing Denied Aug. 30, 1985.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Stephen Goldsmith, Pros. Atty., James M. Warden, Deputy Pros. Atty., Indianapolis, for appellant.

Donald E. Snow, Matthew F. Purol, Philip R. Melangton, Jr., Melangton, Bradford & Snow, Indianapolis, for appellee.

## ON CRIMINAL PETITION FOR TRANSFER

PRENTICE, Justice.

Defendant (Appellant-Petitioner) was charged with nine counts of theft under Ind.Code § 35-43-4-2 (Burns Supp.1983), by information alleging that he knowingly exerted "unauthorized control over the property of the City of Indianapolis, Indiana, to-wit: the use of computers and computer services with intent to deprive the City of Indianapolis, * * *." He was convicted upon two counts, following a trial by jury. The trial court, thereafter, granted his renewed motion to dismiss, citing, among other grounds, the insufficiency of the evidence. The Court of Appeals (First District) reversed the trial court and ordered the verdicts reinstated by decision and opinion published at 459 N.E.2d 61.

The case is before us upon Defendant's petition for transfer, which is now granted, inasmuch as the Court of Appeals erroneously regarded the cause as a single issue

case and arrived at an erroneous holding that the unauthorized use of another's property for monetary benefit, without more, is a "Theft" under the above cited statute. That court's decision appears to have been clouded by the motion having been premised upon ill-conceived jurisdictional concepts and Defendant's contention that the conduct charged in the information was not proscribed by the statute. From this point of view, the trial court may have been correct in its first ruling, denying the motion, during the pleading stage of the case. We need not pass upon that point. It was, nevertheless, correct in its second ruling, granting the motion, as it was made in the light of the evidence.

The trial court's ultimate ruling was as follows:

"There is a jurisdictional impedement to the conviction of the defendant for the offenses charged in counts VIII and IX because the Court does not have jurisdiction over the facts shown by the evidence in that *the theft statute does not apply to the defendant's conduct as shown by the evidence....*" (R. II, 358–359) (Emphasis added.)

Thus, although it appears that counsel and the trial judge may have been confused with respect to jurisdictional considerations, it is clear that the judge had determined that, under the evidence, the Defendant was not guilty, and we regard the ruling as a judgment on the evidence under Ind.Rules of Procedure, Trial Rule 50(A)(6), and Defendant stands acquitted.

As evidenced by the following passage, the Court of Appeals did not consider the motion and ruling in context with the evidence:

"Inasmuch as the evidence clearly supports the fact that McGraw knowingly and intentionally used the city leased computer for his own monetary benefit, the only real question is whether 'use' of a computer is a property subject to theft. *The sufficiency question will not be discussed separately.*" (Emphasis added.) *McGraw,* 459 N.E.2d at 64.

From this statement, it appears that the Court of Appeals may have been persuaded

of Defendant's guilt by the "monetary benefit" motivation for his conduct. However, although the unauthorized use of another's property for monetary benefit, arguably, may be morally more reprehensible than is such use for personal convenience, the theft statute does not distinguish between the two, so neither may we.

■ It is fundamental that penal statutes must be construed strictly against the State. They may not be enlarged by implication or intendment beyond the fair meaning of the language used and may not be held to include offenses other than those which are clearly described, notwithstanding that the court may think the legislature should have made them more comprehensive. *Kelley v. State* (1953), 233 Ind. 294, 298, 119 N.E.2d 322, 324; *Pennington v. State* (1981), Ind., 426 N.E.2d 408, 410.

Defendant was employed by the City of Indianapolis, as a computer operator. The City leased computer services on a fixed charge or flat rate basis, hence the expense to it was not varied by the extent to which it was used. Defendant was provided with a terminal at his desk and was assigned a portion of the computer's information storage capacity, called a "private library," for his utilization in performing his duties. No other employees were authorized to use his terminal or his library.

Defendant became involved in a private sales venture and began soliciting his co-workers and using a small portion of his assigned library to maintain records associated with the venture. He was reprimanded several times for selling his products in the office and on "office time," and he was eventually discharged for unsatisfactory job performance and for continuing his personal business activities during office hours.

Defendant, at the time of his being hired by the City, received a handbook, as do all new employees, which discloses the general prohibition against the unauthorized use of city property. Other city employees some-

times used the computer for personal convenience or entertainment; and although Defendant's supervisor knew or suspected that Defendant was using the computer for his business records, he never investigated the matter or reprimanded Defendant in this regard, and such use of the computer was not cited as a basis for his discharge.

Defendant, following his discharge, applied for and received unemployment compensation benefits, over the protest of the City. He requested a former fellow employee to obtain a "print-out" of his business data and then to erase it from what had been his library. Instead, the "print-out" was turned over to Defendant's former supervisor and became the basis for the criminal charges.

■ Assuming that Defendant's use of the computer was unauthorized and that such use is a "property" under the theft statute, there remains an element of the offense missing under the evidence. The act provides: "A person who knowingly or intentionally exerts unauthorized control over property of another person with *intent* to deprive the other of any part of its value or use, commits theft, a class D felony." (Emphasis added.) Ind.Code § 35–43–4–2. It is immediately apparent that the res of the statute, the harm sought to be prevented, is a deprivation to one of his property or its use—not a benefit to one which, although a windfall to him, harmed nobody.

The Court of Appeals focused upon Defendant's unauthorized use of the computer for monetary gain and upon the definition of "property" as used in the statute and as defined by Ind.Code § 35–41–1–2 (Burns 1979 Repl.), which we may assume, arguendo, includes the "use" of a computer, although we think that it would be more accurate to say that the *information* derived by use of a computer is *property*. Having determined that Defendant's use was property, was unauthorized and was for his monetary benefit, it concluded that he committed a theft. Our question is, "Who was deprived of what?"

Not only was there no evidence that the City was ever deprived of any part of the value or the use of the computer by reason of Defendant's conduct, the uncontradicted evidence was to the contrary. The computer was utilized for City business by means of terminals assigned to various employee-operators, including Defendant. The computer processed the data from the various terminals simultaneously, and the limit of its capacity was never reached or likely to have been. The computer service was leased to the City at a fixed charge, and the tapes or discs upon which the imparted data was stored were erasable and reusable. Defendant's unauthorized use cost the City nothing and did not interfere with its use by others. He extracted from the system only such information as he had previously put into it. He did not, for his own benefit, withdraw City data intended for its exclusive use or for sale. Thus, Defendant did not deprive the City of the "use of computers and computer services" as the information alleged that he intended to do. We find no distinction between Defendant's use of the City's computer and the use, by a mechanic, of the employer's hammer or a stenographer's use of the employer's typewriter, for other than the employer's purposes. Under traditional concepts, the transgression is in the nature of a trespass, a civil matter—and a de minimis one, at that. Defendant has likened his conduct to the use of an employer's vacant bookshelf, for the temporary storage of one's personal items, and to the use of an employer's telephone facilities for toll-free calls. The analogies appear to us to be appropriate.

■ We have written innumerable times, that intent is a mental function and, absent an admission, it must be determined by courts and juries from a consideration of the conduct and natural and usual consequences of such conduct. *Cole v. State* (1980), 273 Ind. 277, 279, 403 N.E.2d 337, 338. It follows that when the natural and usual consequences of the conduct charged and proved are not such as would effect the wrong which the statute seeks to prevent, the intent to effect that wrong is not so inferrable. No deprivation to the City

resulted from Defendant's use of the computer, and a deprivation to it was not a result to be expected from such use, hence not a natural and usual consequence. There was no evidence presented from which the intent to deprive, an essential element of the crime, could be inferred.

It is appropriate to note a companion statute to the theft statute is Ind.Code § 35-43-4-3 (Burns 1979 Repl.), proscribing *conversion*, which is as follows:

"A person who knowingly or intentionally exerts unauthorized control over property of another person commits criminal conversion, a class A misdemeanor."

The only difference between the statutory definitions of theft and criminal conversion is that the definition for conversion omits the words "with intent to deprive the other of any part of its value or use." At most, the evidence in this case warranted a conviction for criminal conversion.

We find no error. The decision and opinion of the Court of Appeals are ordered vacated, and the judgment of the trial court is affirmed.

GIVAN, C.J., and HUNTER and DeBRULER, JJ., concur.

PIVARNIK, J., dissents with opinion.

PIVARNIK, Justice, dissenting.

I must dissent from the majority opinion wherein the majority finds that Defendant did not take property of the City "with intent to deprive the owner of said property." In the first place, intent is clearly shown in that Defendant used the City computer system for his personal business, well knowing what he was doing so and well knowing that it was unauthorized. I think the Court of Appeals properly focused upon Defendant's unauthorized use of the computer for monetary gain and upon the definition of property as used in the statute and as defined by Ind.Code § 35-41-1-2 (Burns 1979 Repl.). Time and use are at the very core of the value of a computer system. To say that only the information stored in the computer plus the tapes and discs and perhaps the machinery involved in the computer system, are the only elements that can be measured as the value or property feature of that system, is incorrect.

I think it is irrelevant that the computer processed the data from various terminals simultaneously and the limit of its capacity was never reached by any or all of the stations, including the defendant's. It is also irrelevant that the computer service was leased to the City at a fixed charge and that the tapes or discs upon which the imparted data was stored were erasable and reusable. The fact is the City owned the computer system of all the stations including the defendant's. The time and use of that equipment at that station belonged to the City. Thus, when the defendant used the computer system, putting on data from his private business and taking it out on printouts, he was taking that which was property of the City and converting it to his own use, thereby depriving the City of its use and value. The majority says: "Thus, Defendant did not deprive the City of the 'use of computers and computer services' as the information alleged that he intended to do." I disagree. I feel that is exactly what he did and I think the Court of Appeals properly found so. I therefore would deny transfer and allow the Court of Appeals opinion to stand.