**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 05 2012, 8:26 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**JOHN C. COLE, JR.**
Westville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN McLEAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOHN C. COLE, JR., | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1102-PC-67 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Sheila A. Carlisle, Judge
Cause No. CR-78-219C

**January 5, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

John C. Cole, Jr. ("Cole") appeals, pro-se, the denial of his motion to correct erroneous sentence and his petition for permission to file a belated motion to correct error, to correct alleged error in the 1996 denial of his petition for post-conviction relief, wherein he challenged his 1978 conviction for Attempted Robbery with a Deadly Weapon, a Class B felony,[1] for which he received a twenty-year sentence. We affirm.

**Issues**

Cole presents two issues for review:

I.  Whether the post-conviction court erred in denying his motion to correct erroneous sentence; and

II. Whether the post-conviction court erred in denying his petition for permission to file a belated motion to correct error.

**Facts and Procedural History**

The relevant facts were recited on direct appeal as follows:

On July 22, 1978, defendant entered a hardware store in Indianapolis, Indiana. Defendant wore a stocking mask and brandished a handgun. He went behind a counter where a cashier was writing a receipt for a customer. The cashier was standing between defendant and the cash register. Defendant pointed his gun in the cashier's face and shouted, "Don't anybody move, don't anybody move." Then a second hardware store employee shot defendant twice and defendant fled.

Cole v. State, 273 Ind. 277, 278, 403 N.E.2d 337, 338 (1980). Cole's conviction was affirmed on direct appeal. Id. at 280; 403 N.E.2d at 339.

---

[1] Ind. Code §§ 35-41-5-1 and 35-42-5-1 (Burns 1979).

On December 28, 1981, Cole petitioned for post-conviction relief. On March 11, 1982, after conducting an evidentiary hearing, the post-conviction court denied Cole relief. Cole filed a subsequent petition for post-conviction relief, which was withdrawn. On December 28, 1988, he was granted permission to file a belated motion to correct error. On February 28, 1989, Cole's motion to correct error was denied.

A panel of this Court affirmed the denial of post-conviction relief. Cole v. State, No. 49A04-8905-PC-204 (March 19, 1990), trans. denied. On December 10, 1990, Cole filed a subsequent petition for post-conviction relief, alleging ineffectiveness of counsel. On March 22, 1996, after conducting an evidentiary hearing, the post-conviction court denied Cole relief. On May 3, 1996, Cole filed a praecipe with the clerk of the post-conviction court. An appeal was not perfected.

On January 5, 2011, Cole filed a motion to correct erroneous sentence and a petition for permission to file a belated motion to correct error. On January 28, 2011, the motion and petition were denied. This appeal ensued.

**Discussion and Decision**

I. Motion to Correct Erroneous Sentence

Cole filed a motion to correct erroneous sentence based upon Indiana Code section 35-38-1-15, which provides:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

3

In Robinson v. State, 805 N.E.2d 783, 787 (Ind. 2004), the Indiana Supreme Court held that a motion to correct erroneous sentence may be used only to correct sentencing errors that are clear from the face of the judgment. Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct erroneous sentence. Id. Sentencing claims that are not facially apparent "may be raised only on direct appeal and, where appropriate, by post-conviction proceedings." Id. "Use of the statutory motion to correct sentence should thus be narrowly confined to claims apparent from the face of the sentencing judgment, and the 'facially erroneous' prerequisite should henceforth be strictly applied...." Id.

Cole was sentenced to a term of twenty years, a sentence within statutory limits and not erroneous on its face. Cole claims that the trial court failed to cite aggravating circumstances to support the enhancement of his sentence from the ten-year presumptive sentence to twenty years. This claim is not properly presented in a motion to correct erroneous sentence. See Fulkrod v. State, 855 N.E.2d 1064, 1067 (Ind. Ct. App. 2006) (observing that a challenge to the existence or use of aggravating facts is not reviewable via a motion to correct erroneous sentence). Cole's motion to correct erroneous sentence was properly denied.

II. Petition for Permission to File Belated Motion to Correct Error

Cole filed a petition for permission to file a belated motion to correct error under Post-Conviction Rule 2, which provides in relevant part:

4

An eligible defendant convicted after a trial or plea of guilty may petition the court of conviction for permission to file a belated motion to correct error addressing the conviction or sentence, if:

(1)    No timely and adequate motion to correct error was filed for the defendant;

(2)    The failure to file a timely motion to correct error was not due to the fault of the defendant; and

(3)    The defendant has been diligent in requesting permission to file a belated motion to correct error under this rule.

An "eligible defendant" is defined in Rule 2 as "a defendant who, but for the defendant's failure to do so timely, would have the right to challenge on direct appeal a conviction or sentence after a trial or plea of guilty by filing a notice of appeal, filing a motion to correct error, or pursuing an appeal." Cole has already pursued a direct appeal, and his conviction was affirmed. He is not an "eligible defendant" because he does not seek reinstatement of his right to a direct appeal. Cole's petition to file a belated motion to correct error was properly denied.

Affirmed.

BAKER, J., and DARDEN, J., concur.