MYERS *v.* STATE OF INDIANA.

[No. 28,952.  Filed January 27, 1954.]

*Frank E. Martindale, Albert B. Chipman,* both of Plymouth, and *Floyd O. Jellison,* of South Bend, for appellant.

*Edwin K. Steers,* Attorney General, and *Owen S. Boling,* Deputy Attorney General, for appellee.

DRAPER, C. J.—The appellant was charged with the crime of arson in the second degree. He was tried by a jury which, after debating for twenty hours, returned a verdict of guilty as charged, and recommended leniency.

The attorney general has filed a brief in which he confesses error and admits that the judgment should be reversed. It is nevertheless the duty and responsibility of this court to examine the record and determine whether the law, as applied to the facts in the case, requires reversal of the judgment of conviction. *Green* v. *State* (1953), 232 Ind. 596, 115 N. E. 2d 211.

The appellant asserts that the verdict is not sustained by sufficient evidence. The attorney general concedes that to be the case. We have read and examined the evidence and we agree.

The fire damaged a commercial building in Bourbon, Indiana. The evidence establishes beyond peradventure that the fire was of incendiary origin. There was no direct evidence of appellant's guilt. The state relied, as it had to do, upon circumstantial evidence. The question confronting this court is whether or not there was sufficient evidence of circumstances from which the jury might reasonably have drawn an inference of guilt. *McAdams* v. *State* (1948), 226 Ind. 403, 81 N. E. 2d 671; *Howard* v. *State* (1923), 193 Ind. 599, 141 N. E. 341; *Scharillo* v. *State* (1934), 207 Ind. 22, 191 N. E. 76; *Mandich* v. *State* (1946), 224 Ind. 209, 66 N. E. 2d 69.

The evidence discloses that the appellant was one of several who had an opportunity to commit the offense. It further discloses that he had conversations with the officials who were investigating the fire. But what he said in the course of those conversations, although not inconsistent with guilt, were consistent with innocence, and we have held that proof of a non-exclusive opportunity to commit a crime is not enough to support a conviction. *Christen* v. *State* (1950), 228 Ind. 30, 89 N. E. 2d 445.

It is possible that the appellant did, in fact, prepare the stage and set the fire. But we think the jury's misgivings, as indicated by their recommendation of leniency, were well founded. Certainly it cannot be said that the circumstances proved pointed surely and unerringly in the direction of guilt. See *Hiner* v. *State* (1925), 196 Ind. 594, 149 N. E. 168. In our opinion the evidence was not sufficient to sustain the verdict.

In the view we have taken of the first error asserted, others need not be considered.

Judgment reversed and cause remanded with instructions to sustain the appellant's motion for new trial.

NOTE.—Reported in 116 N. E. 2d 839.