Samuel D. ALLEN, Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 1–1279A341.

Court of Appeals of Indiana,
First District.

July 7, 1980.

Thomas Lockyear, Evansville, for defendant-appellant.

Theodore L. Sendak, Atty. Gen., Frank A. Baldwin, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

## MODIFICATION OF OPINION

RATLIFF, Judge.

In our previous opinion in this case, *Allen v. State* (1980) Ind.App., 406 N.E.2d 976, we stated in the introductory paragraph of the DECISION section that the State had filed its appellee's brief "after the expiration of the thirty-day period provided in Ind.Rules of Procedure, Appellate Rule 8.1(A)." At 978. As a result, we also said that Allen

would only have to "make a *prima facie* showing of error in order to win a reversal." *Id.*

Closer scrutiny of the proof of service of appellant's brief which Allen filed with the Clerk of the Supreme Court and Court of Appeals reveals that a copy of Allen's appellant's brief was served *by mail* upon opposing counsel, Theodore L. Sendak, Attorney General of Indiana. Indiana Rules of Procedure, Appellate Rule 12(D) provides:

"(D) EXTENSION OF TIME FOR SERVICE BY MAIL. In any and all cases where motions, petitions, briefs and other papers are served upon the opposing party or his counsel by mail or with any properly bonded carrier, the time period specified for the filing of any answers or briefs with the clerk in response thereto shall be extended automatically and without order of court for an additional period of five days from the date of such deposit in the United States Mail or with any properly bonded carrier."

As a result of this five-day extension of time, the State's brief was, in fact, timely filed. Pursuant to our inherent power,[1] we now retract the introductory paragraph of the DECISION section of our earlier opinion. We also retract our statement at the end of the opinion that Allen "failed to make a *prima facie* showing of error." At 981. Because the State's brief was timely filed, Allen was not entitled to have his appeal determined under the *prima facie* showing of error rule, and the State was entitled to have its brief considered.

However, these modifications do not affect the outcome of Allen's appeal. He has failed to demonstrate reversible error, and his conviction and sentencing must be affirmed. In all respects other than those discussed above, we adhere to the rationale set out in our previous opinion.

Judgment affirmed.

ROBERTSON, P. J., and NEAL, J., concur.

---

1. This court has the inherent power to modify its own opinions. *See State ex rel. Bradshaw v. Probate Court of Marion County*, (1947) 225 Ind. 268, 73 N.E.2d 769; 2 I.L.E. *Appeals* § 672 (1957).