**John L. GARDNER, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 48A02–9201–CR–36 [1].

Court of Appeals of Indiana, First District.

May 11, 1992.

---

**1.** This case transferred by order of the Chief Judge on April 4, 1992.

John M. Eisele, Anderson, for appellant-defendant.

BAKER, Judge.

Defendant-appellant John Gardner appeals his conviction for dealing in cocaine, a Class A felony.[2] Gardner claims the State failed to bring him to trial within the aggregate one year period required by Ind. Crim. Rule 4(C), and that he is therefore entitled to discharge. He is correct and we reverse.

## PROCEDURAL HISTORY

At the outset, we note the State has failed to file an appellee's brief in response to Gardner's appeal. Accordingly, we may reverse the judgment upon a showing of *prima facie* error. *Pettiford v. State* (1987), Ind.App., 504 N.E.2d 324; *State v. Palmer* (1986), Ind.App., 496 N.E.2d 1337. *See also Allen v. State* (1980), Ind.App., 408 N.E.2d 122 (appellant not entitled to review under *prima facie* error standard because State's brief was timely filed).

The failure to file an appellee's brief raises concerns similar to those raised when the State concedes error on a given point. When the State concedes error, we are nonetheless duty bound to review the facts and apply the law correctly. *Nash v. State* (1982), Ind.App., 433 N.E.2d 807, 810. Were we to accept a concession as dispositive of an issue, we would effectively abdicate our judicial function in favor of a party. Likewise, when the State fails to file an appellee's brief, the appellant must still demonstrate error to warrant reversal; the *prima facie* standard of review is discretionary, and is contingent upon a showing of *prima facie* error by the appellant. *State v. Palmer, supra*, 496 N.E.2d at 1339, n. 5.

The *prima facie* standard thus prevents two evils which would otherwise undermine the judicial process. First, by requiring the appellant to show *some* error, we ensure that the court, not the parties, decides the law. Second, by allowing the appellant to prevail upon a showing simply of *prima facie* error, we avoid the improper burden of having to act as advocate for the absent appellee.

The record reveals the following chronology.

### 1988

| | |
|---|---|
| February 19 | Gardner arrested |
| February 22 | Initial hearing |
| April 14 | Court sets cause for trial |
| | November 30, 1988 (3rd choice) |
| | December 7, 1988 (2nd choice) |
| | December 14, 1988 (1st choice) |

---

**2.** IND.CODE 35–48–4–1.

| | 1988 |
|---|---|
| November 30 | No trial held, no docket entry |
| December 7 | No trial held, no docket entry |
| December 14 | No trial held, no docket entry |
| | 1989 |
| January 11 | Court vacates previous trial dates and sets cause for trial on June 12, 1989. No reason given. |
| February 19 | One year since Gardner's arrest |
| June 12 | No trial held, no docket entry |
| June 22 | Court resets trial for October 12, 1989, citing court congestion |
| October 12 | No trial held, no docket entry |

In the end, Gardner was not tried until September 17, 1991, more than three and one-half years after his arrest. *Record* at 3–8.

## DECISION

■ At the time of Gardner's arrest, the State had until February 19, 1989, to bring him to trial. Ind.Crim.R. 4(C). The trial court set three alternate dates within that period, but trial never occurred. There are no docket entries explaining why trial was not held, and the silent record cannot be used to charge Gardner with the delay. *Morrison v. State* (1990), Ind., 555 N.E.2d 458, 461. On January 11, 1989, with more than one month remaining to commence trial, the court set the trial for June 12, 1989. Gardner did not object to the setting of the trial date almost four months beyond the one year mark, and therefore waived any objection to trial occurring on or before June 12, 1989. *State, ex rel. Henson v. Washington Circuit Court* (1987), Ind., 514 N.E.2d 838, 839. When trial, due to no delay chargeable to Gardner, did not occur by June 12, 1989, Gardner had no remaining duty, and he was entitled to discharge at any time. "A defendant has no duty to object to the setting of a belated trial date when the act of setting such date occurs after the time expires such that the court cannot reset the trial date within the time allotted by the rule." *Morrison, supra,* at 463.

## CONCLUSION

We reverse the judgment, vacate the conviction, and order Gardner discharged.

SULLIVAN and RUCKER, JJ., concur.