STATE of Indiana, Appellant–Plaintiff,

v.

Nicholas THOMAS, Appellee–Defendant.

No. 02A03–0409–CR–407.

Court of Appeals of Indiana.

May 18, 2005.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General Indianapolis, Indiana, Attorneys for Appellant.

Thomas C. Allen, Fort Wayne, Indiana, Attorney for Appellee.

## OPINION

SHARPNACK, Judge.

The State appeals the trial court's placement of Nicholas Thomas in the Allen County Community Corrections Home Detention Program. The State raises one issue, which we restate as whether the trial court exceeded its statutory authority when it sentenced Thomas to serve his executed sentence in the Allen County Community Corrections Home Detention Program. Further, Thomas raises one issue, which we restate as whether the State's appeal should be dismissed as moot.

We affirm.

The relevant facts follow. In June 2003, the State charged Thomas with robbery as a class B felony.[1] On March 4, 2004, a

---

1. Ind.Code § 35–42–5–1 (1998).

jury found Thomas guilty as charged. On March 9, 2004, the Unit Supervisor of the Allen County Work Release program sent a letter to the trial court advising that Thomas was ineligible for placement with the program due to the nature of Thomas's offense. On April 30, 2004, the Allen County Community Corrections advised the trial court that Thomas was ineligible for placement with their home detention program because the present criminal offense was not compatible with Ind.Code § 35–38–2.6.

On April 30, 2004, the trial court sentenced Thomas to ten years with one year executed and nine years suspended. The trial court ordered Thomas to serve the executed portion of his sentence in the Allen County Community Corrections Home Detention Program. The trial court also placed Thomas on probation for two years. On May 28, 2004, the State filed a motion to correct error and argued that Thomas could not serve the executed portion of his sentence on home detention "by way of direct placement in community corrections under IC 35–38–2.6." Appellant's Appendix at 84. The trial court denied the State's motion to correct error.

On September 23, 2004, Myrna Greene, the Intake Coordinator for the Allen County Community Corrections Program, filed a Verified Petition for Revocation of Home Detention. Greene alleged that Thomas had violated the executed order for home detention. Thomas admitted the allegations of the Verified Petition for Revocation of Home Detention. On November 4, 2004, the trial court modified the April 30, 2004 sentencing order as follows:

> Defendant in Court and with Attorney D. Frew and State by [Deputy Prosecuting Attorney] A. Mildred. Over the objection of the State the Court's order

of [April 30, 2004] is modified to the extent that Defendant is ordered to serve 1 year of his probation time in the [Allen County Work Release Program]. The Defendant shall not receive good time credit for the 1 year in the [Allen County Work Release Program]. Upon completion of the 1 year in the [Allen County Work Release Program] the Defendant is ordered returned to the [Allen County Community Corrections Home Detention] program to serve the remainder of his executed sentence.

Appellee's Appendix at 4.

Prior to addressing the issue raised by the State, we must first address Thomas's argument that the State's appeal should be dismissed as moot because the trial court's November 4, 2004, order renders the original sentence meaningless.[2] The long-standing rule in Indiana courts has been that a case is deemed moot when no effective relief can be rendered to the parties before the court. *Matter of Lawrance*, 579 N.E.2d 32, 37 (Ind.1991). "When the concrete controversy at issue in a case has been ended or settled, or in some manner disposed of, so as to render it unnecessary to decide the question involved, the case will be dismissed." *Id.*

The State argues that the trial court exceeded its statutory authority, on April 30, 2004, when it sentenced Thomas to serve his executed sentence in the Allen County Community Corrections Home Detention Program. The November 4, 2004, order still contains a provision sentencing Thomas to serve his executed sentence in the Community Corrections Home Detention Program. Thus, the November 4, 2004, order does not end the concrete controversy at issue and we will address the merits of the State's claim.

---

2. Thomas only argues that the State's appeal is moot and accepts the State's contentions and arguments as being legally and factually correct.

Judge Baker concurs in the determination that this issue is not moot, but contends that our inquiry should end here because Thomas accepts the State's "contentions and arguments as being legally and factually correct." Appellee's Brief at 5. We respectfully disagree.

Our supreme court addressed a similar issue in *Myers v. State*, 233 Ind. 66, 116 N.E.2d 839 (1954). In *Myers*, the State as appellee filed a brief in which it confessed error and admitted that the judgment of the trial court should be reversed. *Id.* at 67, 116 N.E.2d at 839. Our supreme court held that "[i]t is nevertheless the duty and responsibility of this court to examine the record and determine whether the law, as applied to the facts in the case, requires reversal of the judgment of conviction." *Id.*

In *Nash v. State*, 433 N.E.2d 807, 810 (Ind.Ct.App.1982), the State as appellee conceded that the trial court erred in denying the appellant's motion to suppress two items. We held that "[i]t is nevertheless the duty of this court to examine the record and decide the law as applied to the facts." *Id.* (citing *Myers v. State*, 233 Ind. 66, 116 N.E.2d 839 (1954); *Green v. State*, 232 Ind. 596, 115 N.E.2d 211(1953)). We also held that "[b]ecause [appellant] has not favored us with a transcript of the suppression hearing, we are unable to conclude the trial court erred in admitting the [two items] into evidence." *Id.*

In *Gardner v. State*, 591 N.E.2d 592, 593 (Ind.Ct.App.1992), the State failed to file an appellee's brief. We held that the failure to file an appellee's brief raises the same concerns as those raised when the State concedes error. *Id.* We held that the appellant "must still demonstrate error to warrant reversal," and that "[w]ere we to accept a concession as dispositive of an issue, we would effectively abdicate our judicial function in favor of a party." *Id.*

We also held that "by requiring the appellant to show *some* error, we ensure that the court, not the parties decides the law." *Id.* Accordingly, despite Thomas's concession, we will examine the issue presented by the State. *See, e.g., Nash*, 433 N.E.2d at 810.

■ The sole issue is whether the trial court exceeded its statutory authority when it sentenced Thomas to serve his executed sentence in the Allen County Community Corrections Home Detention Program. Trial courts possess discretionary power to determine a sentence "within statutorily prescribed parameters." *Strowmatt v. State*, 779 N.E.2d 971, 976 (Ind.Ct.App.2002). Sentencing decisions are reviewed on appeal only for an abuse of discretion. *Smallwood v. State*, 773 N.E.2d 259, 263 (Ind.2002). An abuse of discretion occurs if "the decision is clearly against the logic and effect of the facts and circumstances." *Pierce v. State*, 705 N.E.2d 173, 175 (Ind.1998).

■ The State argues that the trial court exceeded its authority under Ind. Code § 35–38–2.6 (Supp.2003), which governs direct placement in community corrections programs. The State's argument requires us to interpret that statute. When interpreting a statute, we independently review the statute's meaning and apply it to the facts of the case under review. *State v. Evans*, 810 N.E.2d 335, 337 (Ind.2004) (quoting *Bolin v. Wingert*, 764 N.E.2d 201, 204 (Ind.2002)), *reh'g denied*. "If a statute is unambiguous, that is, susceptible to but one meaning, we must give the statute its clear and plain meaning." *Id.* If a statute is susceptible to multiple interpretations, we must try to ascertain the legislature's intent and interpret the statute so as to effectuate that intent. *Id.* We presume the legislature intended logical application of the language

used in the statute, so as to avoid unjust or absurd results. *Id.*

The State argues that the trial court's April 30, 2004 order violates Ind.Code § 35–38–2.6 because the statutory authority provided by Ind.Code § 35–38–2.6–1 does not apply to Thomas. Ind.Code § 35–38–2.6–1 limits the application of the chapter and provides:

(a) Except as provided in subsection (b), this chapter applies to the sentencing of a person convicted of:

(1) a felony whenever any part of the sentence may not be suspended under IC 35–50–2–2 or IC 35–50–2–2.1; or

(2) a misdemeanor whenever any part of the sentence may not be suspended.

(b) This chapter does not apply to persons convicted of any of the following:

(1) Sex crimes under IC 35–42–4 or IC 35–46–4–3.

(2) Any of the felonies listed in IC 35–50–2–2(b)(4).

Thomas was convicted of a felony, and, thus, Ind.Code § 35–38–2.6–1(a)(2) is inapplicable. Further, Thomas was not convicted of an offense listed in Ind.Code § 35–38–2.6–1(b). Thus, the issue is whether Thomas falls under Ind.Code § 35–38–2.6–1(a)(1).

Ind.Code § 35–50–2–2(b) provides:

(b) With respect to the following crimes listed in this subsection, the court may suspend only that part of the sentence that is in excess of the minimum sentence, unless the court has approved placement of the offender in a forensic diversion program under IC 11–12–3.7:

(1) The crime committed was a Class A or Class B felony and the person has a prior unrelated felony conviction.

Ind.Code § 35–50–2–1(c)(3) provides that the minimum sentence for a Class B felony is six years.

The State argues that "the record is devoid of any suggestion that anything in Defendant's criminal adult or juvenile history renders the present offense non-suspendable." Appellant's Brief at 5–6. We disagree. The record reveals that Thomas was convicted of "Possession of Marijuana, Hash Oil, or Hashish as a Class D felony" on June 30, 2003. Appellant's Appendix at 72. Ind.Code § 35–50–2–2(b)(1) provides that the "court may suspend only that part of the sentence that is in excess of the minimum sentence" when "the crime committed was a Class A or Class B felony and the person has a prior unrelated felony conviction." Thomas committed a Class B felony and has a prior unrelated felony conviction.[3]

Because the trial court convicted him of a felony where "any part of the sentence may not be suspended under IC 35–50–2–2 or IC 35–50–2–2.1," Thomas falls under Ind.Code § 35–38–2.6–1(a)(1). Accordingly, Ind.Code Chapter 35–38–2.6 applies to

---

**3.** " 'Prior unrelated' convictions within the meaning of the General Suspension Statute[, Ind.Code § 35–50–2–2,] refers to offenses that were committed before the instant offense and were reduced to judgment before the instant conviction was entered. Beyond that, we perceive no indication that the Legislature intended to establish a requirement with respect to the sequence of commission and entry of conviction concerning the [ ] offenses."

*Woodward v. State,* 798 N.E.2d 260, 264 (Ind. Ct.App.2003), *trans. denied.* Thomas was on bond for his felony charge of possession of marijuana, hash oil, or hashish when he committed robbery on May 31, 2003. The possession charge was reduced to judgment on June 30, 2003. The jury found Thomas guilty of the instant offense on March 4, 2004. Thus, the possession offense qualifies as a "prior unrelated" conviction.

Thomas's sentence, and the trial court did not exceed its statutory authority under Ind.Code 35–38–2.6 when it placed Thomas in the Community Corrections Home Detention Program. *See, e.g., Strowmatt,* 779 N.E.2d at 977 (holding that trial court's sentencing order did not exceed statutory authority).

For the foregoing reasons, we affirm the trial court's sentence.

Affirmed.

FRIEDLANDER, J. concurs.

BAKER, J. concurs in part and dissents in part with separate opinion.

BAKER, Judge, concurring in part and dissenting in part.

While I concur with the majority's opinion inasmuch as it has determined that this issue is not moot, I must dissent from the resolution of the remaining issue. Thomas clearly concedes in his brief that the trial court erred. "The Appellee accepts the States [sic] contentions and arguments as being legally and factually correct." Appellee's Br. p. 5. The only issue that Thomas argued was mootness. Thus, our inquiry should have ended with the resolution of that question in the State's favor. I therefore vote to reverse the decision of the trial court.