## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 27 2017, 11:38 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald C. Swanson, Jr.
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Marc Edward Zumwalt,

*Appellant-Defendant,*

*v.*

State of Indiana,

*Appellee-Plaintiff.*

July 27, 2017

Court of Appeals Case No.
02A04-1701-CR-175

Appeal from the Allen Superior Court

The Honorable Frances C. Gull, Judge

Trial Court Cause No.
02D05-1606-F1-10

**Bradford, Judge.**

# Case Summary

In March of 2016, Appellant-Defendant Marc Zumwalt was living with M.H., a four-year-old boy, and N.G., a two-year-old girl, and their parents when the children were removed from the home and placed in foster care. M.H. told one of his foster parents that Zumwalt had molested himself and his sister. In a police interview, Zumwalt admitted to fondling M.H. and N.G., licking M.H.'s penis, and placing his tongue on N.G.'s vagina. The State charged Zumwalt with two counts of Level I felony child molesting and two counts of Level 4 felony child molesting. A jury found Zumwalt guilty as charged, and the trial court sentenced him to an aggregate sentence of 104 years of incarceration. Zumwalt contends that the admission of his incriminating police interview amounts to fundamental error and that his two convictions for molesting N.G. violate prohibitions against double jeopardy. Because we disagree, we affirm.

# Facts and Procedural History

On March 24, 2016, M.H., a four-year-old boy, and N.G., a two-year-old girl, were removed from their Fort Wayne home after a search warrant uncovered marijuana, cocaine, and evidence of methamphetamine manufacture. At the time, Zumwalt had been residing in the home with M.H., N.G., and their parents. M.H. and N.G. were placed in licensed foster care. Around April 5, 2016, M.H. told one of his foster parents that Zumwalt touched his "butt" and "private part." Tr. Vol. II p. 36. M.H.'s foster parents contacted the Indiana Department of Child Services. On April 15, 2016, both children were

interviewed, and M.H., in addition to repeating his allegations of molestation against Zumwalt, said that Zumwalt had also molested N.G.

[3] Police interviewed Zumwalt on May 5 and May 17, 2016. Before each interview, police presented Zumwalt with an "Advice of Rights" form, which police went through with Zumwalt and he then signed. State's Exs. 5, 7. The forms indicated to Zumwalt that he had the right to remain silent, anything he said could and would be used against him in a court of law, he had the right to any attorney and to have one present during questioning, he could have an attorney appointed to him if he could not afford one, and he had the right to terminate the interviews at any time.

[4] Fort Wayne Police Detective Roy Sutphin interviewed Zumwalt on May 17, 2016. Zumwalt told Detective Sutphin that "I need my nuts cut … so this s*** doesn't happen." State's Ex. 8 part 1 at 11:25-11:30. Zumwalt admitted that he had once touched N.G.'s vagina with his hand because he was aroused and had an erection at the time.

[5] As for M.H., Zumwalt explained that "[h]is mother talked about him having a big d***" and that he was "curious wanting to see it." State's Ex. 8 part 1 at 17:05-17:15. Zumwalt admitted that he had touched M.H.'s penis but claimed, initially, that he could not remember ever fellating him. Zumwalt also admitted that, approximately one-and-one-half years previously, he had "played with [M.H.'s penis], touched his nuts, pulled it, played it and let go." State's Ex. 8 part 2 at 4:35-4:40. Zumwalt admitted that he had done that to M.H. four or

five times. Near the end of the interview, Zumwalt admitted that he had put his tongue on N.G.'s vagina and had "licked the head" of M.H.'s penis one time. State's Ex. 8 part 2 at 13:40.

[6] On July 1, 2014, the State charged Zumwalt with two counts of Level 1 felony child molesting and two counts of Level 4 felony child molesting. Zumwalt's jury trial was held on November 29 and 30, 2016. M.H. testified that Zumwalt "touched [his] pee-pee … [a] lot of times" with his hand and "put his mouth on [M.H.'s] private … [a] lot of times." Tr. Vol. II pp. 44, 47-48. M.H. testified that he had witnessed Zumwalt "touch[ing N.G.'s] privates, too." Tr. Vol. II p 45. The jury found Zumwalt guilty as charged, and, on December 22, 2016, the trial court sentenced him to an aggregate sentence of 104 years of incarceration.

# Discussion and Decision

## I. Confession

[7] Zumwalt contends that the admission of evidence related to his police interview conducted on May 17, 2016, during which he confessed to molesting M.H. and N.G., amounts to fundamental error.

> Appellate courts may, on rare occasions, resort to the fundamental error exception to address on direct appeal an otherwise procedurally defaulted claim. But fundamental error is extremely narrow and available only when the record reveals a clearly blatant violation of basic and elementary principles, where the harm or potential for harm cannot be denied, and which violation is so prejudicial to the rights of the defendant as to make a fair trial impossible.

*Jewell v. State*, 887 N.E.2d 939, 942 (Ind. 2008).

[8] We conclude that a claim of fundamental error in the admission of his police interview is not available to Zumwalt. As the State notes, Zumwalt specifically stated that "[t]here's no objection to [State's Exhibit] 8[,]" which is the video recording of the May 17, 2016, interview. Tr. Vol. II p. 125. The Indiana Supreme Court has held that the doctrine of fundamental error is inapplicable under such circumstances. *Halliburton v. State*, 1 N.E.3d 670, 679 (Ind. 2013). As the Court noted,

> [t]he doctrine presupposes the trial judge erred in performing some duty that the law had charged the judge with performing *sua sponte*. Presumably a trial judge is aware of her own *sua sponte* duties. But upon an express declaration of "no objection" a trial judge has no duty to determine which exhibits a party decides, for whatever strategic reasons, to allow into evidence.

*Id*. Because Zumwalt specifically stated that he had no objection to the admission of State's Exhibit 8, he may not now claim that its admission amounts to fundamental error.

## II. Double Jeopardy

[9] Zumwalt contends that his two convictions for molesting N.G. violate Indiana constitutional prohibitions against double jeopardy, specifically, the "actual evidence" test. In *Richardson v. State*, 717 N.E.2d 32 (Ind. 1999), the Indiana Supreme Court held "that two or more offenses are the 'same offense' in violation of Article I, Section 14 of the Indiana Constitution, if, with respect to … the actual evidence used to convict, the essential elements of one challenged

offense also establish the essential elements of another challenged offense." *Id.* at 49-50. The *Richardson* court stated the actual evidence test as follows:

> To show that two challenged offenses constitute the "same offense" in a claim of double jeopardy, a defendant must demonstrate a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense.

*Id.* at 53.

[10] While Zumwalt acknowledges that he confessed to touching N.G.'s vagina with his tongue, he contends that there is no evidence of any other act that would support his conviction for Level 4 felony child molestation of N.G. Zumwalt, however, also admitted in his May 17, 2016, interview that he had touched N.G.'s vagina with his hand while aroused and while having an erection. Moreover, M.H. testified that he had witnessed Zumwalt "touch[ing N.G.'s] privates, too." Tr. Vol. II p 45. This evidence is sufficient to support Zumwalt's separate conviction for Level 4 felony child molesting. *See* Ind. Code § 35-42-4-3(b) ("A person who, with a child under fourteen (14) years of age, performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person, commits child molesting, a Level 4 felony."). Zumwalt has failed to establish that his two convictions for molesting N.G. violate prohibitions against double jeopardy.

[11]     Zumwalt notes that at sentencing, the prosecutor suggested that the trial court merge or run the sentences for the convictions relating to N.G. concurrently, stating, "I think there was really testimony at trial, that, conservatively, he committed one act with respect to N.G." As explained, however, this is incorrect, as the record supports the jury's finding that Zumwalt committed multiple acts. That said, the trial court was not bound by the prosecutor's suggestion. *See Gardner v. State*, 591 N.E.2d 592, 593 (Ind. Ct. App. 1992) (stating, "Were we to accept a concession as dispositive of an issue, we would effectively abdicate our judicial function in favor of a party."). Because the prosecutor's suggestion that Zumwalt committed only one act against N.G. was not supported by the record, we do not accept it as dispositive.

[12]     We affirm the judgment of the trial court.


Brown, J., and Pyle, J., concur.