

I N T H E

# Court of Appeals of Indiana

Mark Landon Taylor,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*



FILED

Feb 02 2026, 8:43 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

February 2, 2026

Court of Appeals Case No.
25A-CR-2155

Appeal from the Hamilton Superior Court

The Honorable William J. Hughes, Judge

Trial Court Cause No.
29D03-2503-F6-2590

**Opinion by Judge Scheele**
Judges Brown and Felix concur.

**Scheele, Judge.**

## Case Summary

[1] Mark Landon Taylor was convicted of Class A misdemeanors domestic battery and theft. He raises one issue for our review which we restate as the following two: whether the trial court violated Taylor's Sixth Amendment rights in sentencing him for his domestic battery conviction; and whether the trial court erred in sentencing Taylor to a probationary period exceeding twelve months without a statutorily required report substantiating the extension. Finding his sentence is not unconstitutional and the court did not err, we affirm.

## Facts and Procedural History

[2] In March 2025, fifty-six-year-old Taylor was residing with his eighty-three-year-old mother, Beverly Taylor, at Beverly's home in Carmel. Around 3:00 a.m. on March 28, Beverly was in bed when she heard Taylor moving around and yelling loudly. He was cursing and angry about his bad allergies. While still in bed, Beverly asked Taylor what was wrong and not to yell.

[3] Shortly after, Taylor "burst" into her bedroom and went into her en-suite bathroom. Tr. Vol. II p. 141. Beverly asked what he was doing, and Taylor said, "I am freaking out. . . . I need a pill." *Id.* at 142. Beverly was prescribed "lorazepam" for anxiety. *Id.* at 141. Her prescription was for ten pills, and she had only taken one; when she later checked the bottle, only eight lorazepam were left.

[4] Taylor returned to his room, then Beverly got out of bed and went to the doorway. From across the hallway, she told Taylor she could not live like this anymore and told him he needed to move out. Taylor became "very angry" and told Beverly not only was he not moving out, but his girlfriend was moving in. *Id.* at 143. After Beverly told him no one else was moving in, Taylor "very aggressively came across the hall at [her] . . . and . . . he was yelling[.]" *Id.* Beverly put her hands up, but Taylor knocked her hands away, pushed her "really hard[,]" and Beverly fell to the floor. *Id.* at 144.

[5] Beverly was frightened, so she dressed and drove to the police station to file a report. Police went to Beverly's home and arrested Taylor. Later at trial, Carmel Police Department Officer Nathaniel Wilson testified that Taylor "admitted to taking an anxiety pill" after he was handcuffed. *Id.* at 192. Officer Wilson also indicated that Taylor "seemed very, not 100% with it[,]" *id.*, and then slept for the entire ride to jail, which was behavior consistent with someone who "ingested something or someone under the influence of something." *Id.* at 183.

[6] On March 31, the State charged Taylor with Level 6 felony intimidation, Class A misdemeanor domestic battery, Class A misdemeanor theft, and alleged he was a habitual offender. The court held a jury trial on August 5. Taylor testified that he was experiencing allergy issues and pain from kidney stones that day. He also admitted that he went into Beverly's bathroom medicine cabinet and "took one" of her lorazepam. *Id.* at 204. The jury found Taylor guilty of Class

A misdemeanors domestic battery and theft and not guilty of intimidation; the habitual offender enhancement was dismissed.

[7] At sentencing the next day, the State admitted Taylor's "Indiana Criminal Crossmatch" results, which showed Taylor had prior convictions for possession of cocaine, operating a vehicle with a BAC of at least .10, possession of a narcotic drug, public intoxication, and possession of marijuana. Ex. Vol. IV. p. 77. Taylor argued against consecutive sentences, alleging his convictions stemmed from one incident of criminal conduct. The court determined that if it were to "release [Taylor] short of the 365 days [it could] give him 365 days of probation on both charges." Tr. Vol. III p. 12. Taylor said he "won't add any further to the consecutive or concurrent argument" and only requested that he be placed on probation. *Id.* at 13. Ultimately, the trial court found the sentences could be served consecutively because the convictions were for separate criminal acts.[1]

[8] For his domestic battery conviction, the court sentenced Taylor to 365 days in the Hamilton County Jail with 270 days executed and 95 days suspended, plus 365 days of probation. For his theft conviction, Taylor was sentenced to 365 days in the Hamiton County Jail, all suspended, to be served consecutive to his domestic battery conviction. The court concluded it was "pretty clear from [Taylor's] history" and the actions he took "based on a stuffy nose" that Taylor

---

[1] Taylor did not object on any other grounds at sentencing, and he does not re-raise this issue on appeal.

had a substance problem. *Id.* at 16. Accordingly, as a condition of his probation, the court ordered Taylor to submit to a substance-abuse assessment and any recommended treatment. Taylor now appeals.[2]

## Discussion and Decision

### I. Statutory Maximum and Sixth Amendment

Taylor asserts the trial court violated his rights under the Sixth Amendment to the United States Constitution by imposing a sentence for his domestic battery conviction that is beyond the statutory maximum. Specifically, Taylor argues the maximum sentence for his domestic battery conviction is a one-year combined term of imprisonment and probation. He also argues the court relied on facts that were not submitted to a jury to conclude that his substance abuse was either a material element of or contributing factor to his domestic battery conviction, in violation of the Sixth Amendment.

As an initial matter, the State contends Taylor's argument is waived because he failed to raise this issue before the trial court. It is well established that issues may not be raised for the first time on appeal, including constitutional issues. *See e.g.*, *Washington v. State*, 840 N.E.2d 873, 880 (Ind. Ct. App. 2006) (appellant

---

[2] The State filed a motion to dismiss on January 16, 2026, asserting this appeal is moot because Taylor's sole challenge is to the length of his probation which was revoked after filing of this appeal. However, "[o]ur 'public interest' exception to mootness allows us to offer guidance on an issue likely to recur." *G.W. v. State*, 231 N.E.3d 184, 188 (Ind. 2024). Given our conclusion that the misdemeanor sentencing statutes are misapplied by the parties in this case, it is likely the misapplication will recur if not addressed. We therefore proceed to the merits of this appeal. The State's motion to dismiss is denied.

waived review of his Sixth Amendment claim that was not raised before the trial court), *trans. denied*. However, appellate courts are not prohibited from addressing waived constitutional claims, and we exercise our discretion to review Taylor's constitutional claim here. *See Plank v. Comm. Hosps. of Ind., Inc.*, 981 N.E.2d 49, 53-54 (Ind. 2013).

[11]     Generally, "sentencing decisions are within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion." *Smoots v. State*, 172 N.E.3d 1279, 1288 (Ind. Ct. App. 2021). An abuse of discretion occurs if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Owen v. State*, 210 N.E.3d 256, 269 (Ind. 2023) (citation omitted), *reh'g. denied*. However, we apply a de novo review to constitutional claims involving matters of law. *Healey v. Carter*, 109 N.E.3d 1043, 1047 (Ind. Ct. App. 2018), *trans. denied*.

[12]     Under the Sixth Amendment, a defendant is entitled to "a jury determination that he is guilty of every element of the crime with which he is charged, beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 477 (2000) (citation and brackets omitted). The *Apprendi* court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. The Supreme Court later clarified that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the*

*defendant.*" *Blakely v. Washington*, 542 U.S. 296, 303 (2004) (emphasis in original), *reh'g. denied*. As our Indiana Supreme Court recently summarized, following *Blakely*,

> a judge could increase a sentence based on only: (1) facts that a jury found beyond a reasonable doubt; (2) the defendant's prior convictions and general criminal history, including their probationary status when committing the offense if that status is reflected in a presentence investigation report that a probation officer prepared; (3) facts the defendant admitted; and (4) facts the sentencing judge found after the defendant, in the course of a guilty plea, waived *Apprendi* rights and consented to judicial fact-finding or the stipulation of certain facts.

*Russell v. State*, 234 N.E.3d 829, 853 (Ind. 2024), *cert. denied*.

[13] Here, however, Taylor's sentence for Class A misdemeanor domestic battery did not exceed the statutory maximum. A person who commits a Class A misdemeanor "shall be imprisoned for a fixed term of not more than one (1) year[.]" Ind. Code § 35-50-3-2 (1977). In addition, "[t]he court may suspend any part of a sentence for a misdemeanor." Ind. Code § 35-50-3-1(a) (2002). Further,

> **[e]xcept as provided in subsection (c)**, whenever the court suspends in whole or in part a sentence for a Class A, Class B, or Class C misdemeanor, it may place the person on probation under IC 35-38-2 for a fixed period of not more than one (1) year, notwithstanding the maximum term of imprisonment for the misdemeanor set forth in sections 2 through 4 of this chapter. However, the combined term of imprisonment and probation for a misdemeanor may not exceed one (1) year.

I.C. § 35-50-3-1(b) (emphasis added).

[14] However, the parties here agree the trial court judge "used Indiana Code section 35-50-3-1(c)" to sentence Taylor. Appellant's Br. p. 9. Thereunder,

> [w]henever the court suspends a sentence for a misdemeanor, if the court finds that the use or abuse of alcohol, drugs, or harmful substances is a contributing factor or a material element of the offense, the court may place the person on probation under IC 35-38-2 for a fixed period of not more than two (2) years. However, a court may not place a person on probation for a period of more than twelve (12) months in the absence of a report that substantiates the need for a period of probation that is longer than twelve (12) months for the purpose of completing a course of substance abuse treatment.

I.C. § 35-50-3-1(c).

[15] Subsection (c) provides a statutorily authorized maximum acting as an exception to subsection (b), as noted by the clear language of the statute. *See State v. Evans*, 810 N.E.2d 335, 337 (Ind. 2004) ("If a statute is unambiguous, that is, susceptible to but one meaning, we must give the statute its clear and plain meaning."). Thus, when Indiana Code sections 35-50-3-2 and 35-50-3-1(a) and (c) are read together, the statutorily authorized maximum for a single Class A misdemeanor is a fixed term of imprisonment of not more than one year plus a maximum of two years on probation if any part of the sentence is suspended and the court finds substance use was a contributing factor or material element of the offense.

Here, for his domestic battery conviction, the court sentenced Taylor to 365 days in the Hamilton County Jail with ninety-five days suspended, plus 365 days on probation. Taylor admitted throughout his trial that he went into Beverly's bathroom and took one of her lorazepam, to which he was not prescribed, shortly before he pushed Beverly down during their argument. At sentencing, the court considered that Taylor has a substance problem that was "pretty clear" from his history and the actions he took in the instant case "based on a stuffy nose[.]" Tr. Vol. III p. 16. Therefore, it appears the court concluded Taylor's substance use was a "contributing factor" to his offense, which was a reasonable deduction under these facts and circumstances. I.C. § 35-50-3-1(c); *see Owen*, 210 N.E.3d at 269. We cannot conclude the trial court abused its sentencing discretion in considering these factors. *See Smoots*, 172 N.E.3d at 1288. Because Taylor's sentence did not exceed the statutory maximum under subsection (c), *Blakely* does not apply and the Sixth Amendment is not implicated. [3]

## II. Mandatory Report

Taylor also asserts the trial court erred in sentencing him to two years of probation total without the report required under Indiana Code section 35-50-3-1(c), which provides that a court "may not place a person on probation for a

---

[3] Notably, even if *Blakely* applied, all the facts the court referenced to support Taylor's sentence were within categories that *Blakely* permits: the facts were either admitted by Taylor or were about his criminal history. *See Russell*, 234 N.E.3d at 854 (it was proper under *Blakely* for the resentencing court to consider the defendant's criminal history and his mental limitations where the defendant repeatedly admitted to them in sentencing the defendant beyond the statutory maximum). Thus, no *Blakely* violation would have occurred.

period of more than twelve (12) months in the absence of a report that substantiates the need for a period of probation that is longer than twelve (12) months for the purpose of completing a course of substance abuse treatment." The State concedes there is nothing in the record to indicate that such a report was filed in this case and the case should be remanded for a new sentencing hearing. However, "[w]hen the State concedes error, we are nonetheless duty bound to review the facts and apply the law correctly." *Gardner v. State*, 591 N.E.2d 592, 593 (Ind. Ct. App. 1992). "Were we to accept a concession as dispositive of an issue, we would effectively abdicate our judicial function in favor of a party." *Id.* Therefore, we will examine this issue despite the State's concession. *See e.g.*, *State v. Thomas*, 827 N.E.2d 577, 580 (Ind. Ct. App. 2005) (examining an issue raised by the appellant despite the appellee's concession).

[18] In our view, Indiana Code section 35-50-3-1 provides the maximum probationary periods that a court may impose for a single misdemeanor conviction if any part of the sentence is suspended. *See Evans*, 810 N.E.2d at 337 ("[W]e must give the statute its clear and plain meaning" if it is unambiguous). Indeed, each subsection under section 35-50-3-1 refers to "a misdemeanor" and contains no reference to a maximum aggregate sentence where a person is convicted of and sentenced for multiple misdemeanors. *See* I.C. §§ 35-50-3-1(a)-(c).

[19] Here, the court's sentence included 365 days of probation for Class A misdemeanor domestic battery and 365 days of probation for Class A misdemeanor theft. Thus, neither probationary period is more than twelve

months, so no report was required under section 35-50-3-1(c). If Taylor wished to raise an issue regarding his aggregate sentence, he could have reasserted his trial objection regarding whether his sentences could be served consecutively; he did not do so. The court did not err in sentencing Taylor to 365 days of probation for each misdemeanor conviction without a section 35-50-3-1(c) report.

## III. Conclusion

[20] For Taylor's domestic battery conviction, the trial court imposed a sentence below the statutory maximum and did not abuse its sentencing discretion. Thus, the trial court did not violate Taylor's rights under the Sixth Amendment because *Blakely* does not apply. Further, the court did not err in sentencing Taylor under Indiana Code section 35-50-3-1(c) in the absence of the mandatory report. We affirm.

[21] Affirmed.

[22] Brown, J., and Felix, J., concur.

ATTORNEY FOR APPELLANT

Michael D. Frischkorn
Brand & Morelock
Greenfield, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Indiana Attorney General

Daylon L. Welliver
Deputy Attorney General
Indianapolis, Indiana